Gary A. Gotto (No. 007401)
**KELLER ROHRBACK L.L.P.**
3101 North Central Avenue, Suite 1400
Phoenix, AZ 85012
ggotto@kellerrohrback.com
Tel.: (602) 230-6322
*Liaison Counsel for Movant Nikola Investor Group*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Borteanu, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br>v.<br><br>Nikola Corporation; Trevor R. Milton; Steve Girsky; Steve Shindler; Mark A. Russell; and Kim J. Brady,<br><br>Defendants. | Case No. CV-20-01797-PHX-SPL<br><br>Hon. Steven P. Logan<br><br>**MOTION OF NIKOLA INVESTOR GROUP FOR STAY OF PROCEEDINGS PENDING DISPOSITION OF WRIT OF MANDAMUS** |

Lead Plaintiff Movant the Nikola Investor Group[1] hereby moves for a stay of proceedings in the above-captioned consolidated action (the "Action") pending disposition of the pending petition for writ of mandamus in *Mersho, et al. v. USDC-AZP*, 20-73819 (9th Cir.) (the "Mandamus Petition") (submitted herewith as Exhibit A). The grounds for this motion are set forth in the memorandum of points and authorities submitted herewith.

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR STAY**

The Nikola Investor Group respectfully submits that this Action should be stayed because the Court's Lead Plaintiff Order (ECF No. 50) is currently the subject of the above-referenced Mandamus Petition pending in the United States Court of Appeals for the Ninth Circuit. If the Petition is granted, the Ninth Circuit would find that this Court erred in appointing Angelo Baio Lead Plaintiff and would direct the Court to appoint the Nikola Investor Group as Lead Plaintiff in Baio's stead. *See generally* Ex. A. Accordingly, until the Ninth Circuit has adjudicated the legal propriety of Baio's appointment as Lead Plaintiff, the Nikola Investor Group respectfully submits that it would be improper and inefficient for this putative class action to proceed under Baio's leadership.

On December 15, 2020, the Court entered an Order (the "Lead Plaintiff Order") (ECF No. 50) granting Baio's motion for appointment as Lead Plaintiff and approval of his selection of counsel (ECF Nos. 16, 17) and denying the competing lead plaintiff motion of the Nikola Investor Group (ECF No. 24). In the Lead Plaintiff Order, the Court found that the Nikola Investor Group both (1) possessed the largest financial interest in this litigation within the meaning of the PSLRA and (2) satisfied the adequacy and typicality requirements of Fed. R. Civ. P. 23 and was thus the presumptive "most adequate plaintiff"—*i.e.*, the presumptive Lead Plaintiff—pursuant to the PSLRA. *See* ECF No. 50 at 9-10. However, despite these findings, the Court expressed "misgivings about the cohesion" of the investor group and—on that basis—denied its motion, appointing Baio

---

[1] All definitions and abbreviations herein are defined in the Nikola Investor Group's previous submissions, unless otherwise indicated. *See* ECF Nos. 24, 42, 48.

Lead Plaintiff instead. *Id.* at 11-12. As a result of this ruling, the movant with the largest financial interest in the litigation was not selected Lead Plaintiff.

On December 30, 2020, the Nikola Investor Group filed its Mandamus Petition with the Ninth Circuit. Ex. A. The Mandamus Petition seeks a writ of mandamus vacating the Lead Plaintiff Order, directing the Court to appoint the Nikola Investor Group as the Lead Plaintiff in this Action, and clarifying that the PSLRA expressly permits groups to serve as lead plaintiffs, provided they satisfy the adequacy and typicality requirements of Fed. R. Civ. P. 23. *See* Ex. A at 5.

On January 28, 2021, the Court entered an Order setting a schedule for the filing of an Amended Complaint (due March 15, 2021), Defendants' motion to dismiss the same (due April 29, 2021), Baio's opposition to the Defendants' motion (due June 1, 2021), and Defendants' reply (due July 1, 2021) (the "Scheduling Order"). *See* ECF No. 58.

On February 11, 2021, the Ninth Circuit issued an Order finding that "[t]he petition for a writ of mandamus raises issues that warrant an answer" (the "Ninth Circuit Order"). *Mersho, et al. v. USDC-AZP*, 20-73819 (9th Cir. Feb. 11, 2021), BL-8. The Ninth Circuit further provided fourteen (14) days for the real parties in interest and this Court (at its own election) to file an answer to the Nikola Investor Group's Mandamus Petition and allowed the Nikola Investor Group seven (7) days to reply to any answer. *Id.*

On February 18, 2021, the Ninth Circuit docketed a notice that the Mandamus Petition is being considered for an upcoming oral argument calendar, with June 2021 being the earliest possible sitting. The same day, this Court denied as moot Mahjabin Dinyarian's Motion for Reconsideration of the Lead Plaintiff Order "due to the pending results of the Petition for Writ of Mandamus before the Ninth Circuit." ECF No. 63.

The Nikola Investor Group respectfully submits that the deadlines of the Scheduling Order should be similarly stayed pending the Ninth Circuit's ruling on the Mandamus Petition.

# ARGUMENT

## A STAY IS WARRANTED FOR PURPOSES OF JUDICIAL ECONOMY AND AVOIDING PREJUDICE TO THE PARTIES

District courts' inherent authority to control their dockets empowers them with the broad discretion to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997); *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigation." *Landis*, 299 U.S. at 254. "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).

Here, the Nikola Investor Group respectfully submits that all considerations of "economy of time and effort for [the Court], for counsel, and for litigation," *Landis*, 299 U.S. at 254, weigh in favor of staying these proceedings pending disposition of the Mandamus Petition. If this putative class action proceeds under Baio's leadership before the Ninth Circuit adjudicates the Mandamus Petition—*i.e.*, before it has determined whether Baio was duly appointed pursuant to the correct application of the PSLRA's lead plaintiff-appointment process, and whether the Nikola Investor Group should have been appointed Lead Plaintiff instead—there is a concrete risk that this Action will initially proceed under the leadership of an improperly appointed Lead Plaintiff, who, along with Defendants, will have likely expended serious time and resources preparing and filing an Amended Complaint and fully briefing a motion to dismiss the same—all ***before*** the Ninth Circuit rules on the Mandamus Petition. *See* Scheduling Order, ECF No. 58. If the Ninth Circuit ultimately directs the Court to appoint the Nikola Investor Group Lead Plaintiff, the Nikola Investor Group will seek to file its own amended complaint, rendering moot Baio's Amended Complaint, the motion to dismiss, and all related briefing.

1    Accordingly, the parties will have expended significant time and resources litigating
2    an Action only to have to push the "reset" button in the event that the Lead Plaintiff Order
3    is reversed.  Alternatively, if the Court were to deny a new Lead Plaintiff the opportunity
4    to file and litigate its own Amended Complaint, substantial prejudice to the Class would
5    ensue because the new Lead Plaintiff would be forced to litigate or defend pleadings which
6    it had no role in formulating.

7    By ordering briefing on the Nikola Investor Group's Mandamus Petition, the Ninth
8    Circuit indicated that a genuine question of law exists as to whether this Court's
9    "misgivings about the cohesion" of the group are sufficient to rebut the PSLRA's statutory
10   presumption.  Thus, the prospect that the Ninth Circuit will vacate the Lead Plaintiff Order
11   is justification enough to warrant a stay of proceedings. *See In re Tesla, Inc. Securities*
12   *Litigation*, No. 18-cv-04865-EMC (N.D. Cal. Apr. 15, 2019) (ECF No. 211) (granting a
13   motion to stay proceedings in a securities class action pending resolution of a petition for
14   writ of mandamus challenging the propriety of an order appointing lead plaintiff) (attached
15   hereto as Exhibit B).  Moreover, a stay of these proceedings would be consistent with this
16   Court's denial of Dinyarian's Motion for Reconsideration as moot pending the Ninth
17   Circuit's ruling on the Mandamus Petition.

18   Accordingly, the Nikola Investor Group submits that the interests of judicial
19   efficiency, efficient use of party resources and avoiding prejudice to the Class all counsel
20   in favor of issuing a stay of proceedings.

21   The Nikola Investor Group has conferred with counsel for Defendants and for Mr.
22   Baio regarding the relief sought by this motion. Counsel for Defendants Nikola
23   Corporation, Steve Girsky, Steve Shindler, Mark A. Russell, and Kim J. Brady indicated
24   that they do not oppose the Nikola Investor Group's request for a stay. Counsel for
25   Defendant Trevor Milton indicated that he does not oppose a stay of proceedings. Counsel
26   for Bao believes there should only be a postponement of the scheduling order until 21 days
27   after the 9th Circuit rules on the mandamus petition.
28

## CONCLUSION

For the foregoing reasons, the Nikola Investor Group respectfully requests that the Court enter an Order staying the proceedings in this Action pending resolution of the Mandamus Petition by the United States Court of Appeals for the Ninth Circuit.

February 19, 2021

Respectfully submitted,

*/s/ Gary A. Gotto*
Gary A. Gotto (No. 007401)
**KELLER ROHRBACK L.L.P.**
3101 North Central Avenue, Suite 1400
Phoenix, AZ 85012
ggotto@kellerrohrback.com
Tel.: (602) 230-6322

*Liaison Counsel for*
*Movant Nikola Investor Group*

**POMERANTZ LLP**
Jeremy A. Lieberman
(*pro hac vice*)
J. Alexander Hood II
(*pro hac vice*)
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com

5

**BLOCK & LEVITON LLP**
Jeffrey C. Block
Jacob A. Walker
Michael Gaines
260 Franklin Street, Suite 1860
Boston, MA 02110
Tel: (617) 398-5600
Fax: (617) 507-6020
jeff@blockleviton.com
jake@blockleviton.com
steti@blockleviton.com

*Counsel for Movant Nikola Investor Group and Proposed Co-Lead Counsel for the Class*

**LABATON SUCHAROW LLP**
David J. Schwartz
(*pro hac vice*)
Francis P. McConville
(*pro hac vice*)
140 Broadway
New York, NY 10005
Tel: (212) 907-0800
Fax: (212) 883-7070
dschwartz@labaton.com
fmcconville@labaton.com

*Additional Counsel for Movant Nikola Investor Group*

6

**CERTIFICATE OF SERVICE**

I hereby certify that on February 19, 2021, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Gary A. Gotto*
Gary A. Gotto