Gary A. Gotto (No. 007401)
**KELLER ROHRBACK L.L.P.**
3101 North Central Avenue, Suite 1400
Phoenix, AZ 85012
ggotto@kellerrohrback.com
Tel.: (602) 230-6322
*Liaison Counsel for Movant Nikola Investor Group*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Borteanu, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br>v.<br><br>Nikola Corporation; Trevor R. Milton; Steve Girsky; Steve Shindler; Mark A. Russell; and Kim J. Brady,<br><br>Defendants. | Case No. CV-20-01797-PHX-SPL<br><br>Hon. Steven P. Logan<br><br>**MOTION OF NIKOLA INVESTOR GROUP TO LIFT STAY OF PROCEEDINGS AND ISSUE SCHEDULING ORDER AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |

Lead Plaintiff Movant the Nikola Investor Group[1] hereby moves to lift the stay of proceedings entered in the above-captioned consolidated action pursuant to the Court's March 2, 2021 Order (ECF No. 68). The Order stayed proceedings in this case "pending resolution of George Mersho's petition for a writ of mandamus" in *In re Mersho*, 20-73819 (9th Cir.) and informed the parties that the Court would issue a scheduling order following ruling from the Ninth Circuit. Because the Ninth Circuit has now ruled on the petition for writ of mandamus and remanded to this Court to determine the lead plaintiff, *see In re Mersho*, 6 F.4th 891 (9th Cir. 2021), this Court should lift the stay of proceedings and issue a scheduling order.

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR STAY

On March 3, 2021, the Court issued an Order staying the action "in its entirety pending resolution of George Mersho's petition for writ of mandamus" because "[t]he Ninth Circuit may vacate this Court's Order designating Angelo Baio as lead plaintiff, which would directly impact how this litigation will move forward." ECF No. 68, at 1-2. The Court further instructed that "[t]he Court will issue a Scheduling Order following the Ninth Circuit's disposition of the writ of mandamus." *Id.* at 2.

On July 23, 2021, the Ninth Circuit issued an opinion vacating this Court's order appointing Angelo Baio as lead plaintiff and remanding for redetermination of the lead plaintiff in a manner consistent with the opinion. *In re Mersho*, 6 F.4th 891 (9th Cir. 2021). Angelo Baio subsequently moved for an evidentiary hearing on August 13, 2021, which the Court denied because "the mandate has not yet been issued." ECF No. 71, at 1. The undersigned counsel accordingly assumed that a mandate would issue 28 days (7 days to file a motion for rehearing + 21 days to issue the mandate in a civil case) or 52 days (7 days to file a motion for rehearing + 45 days to issue the mandate when the United States (here, the Court) is a party) following the Ninth Circuit's July 23, 2021 opinion and proceeded accordingly.

---

[1] All definitions and abbreviations herein are defined in the Nikola Investor Group's previous submissions, unless otherwise indicated. *See* ECF Nos. 24, 42, 48.

After September 13, 2021 came and went without any mandate issuing, counsel for the Nikola Investor Group waited a few additional days before contacting the office of the Clerk of Court for the Ninth Circuit on September 17, 2021 to inquire whether and when the parties should expect a mandate to issue from the court of appeals. An assistant clerk informed counsel that no mandate would issue because the petition for writ of mandamus is an original proceeding in the court of appeals. Thereafter, counsel for the Nikola Investor Group worked expeditiously to bring this information—and relevant legal authority—to the Court's attention via this Motion.

## ARGUMENT

"A petition for mandamus … is an original proceeding and, thus, is different from the normal appellate process …." *Calderon v. U.S. Dist. Ct. for Cent. Dist. of Ca.*, 163 F.3d 530, 533 (9th Cir. 1998), *abrogated on other ground by Woodford v. Garceau*, 538 U.S. 202 (2003). And "[b]ecause a writ of mandate functions as an order, we do not issue along with it a 'mandate' in the sense of a secondary decree relinquishing jurisdiction over the case to the district court." *Ellis v. U.S. Dist. Ct. for W. Dist. of Wa.*, 360 F.3d 1022, 1022-23 (9th Cir. 2004); *see also Sgaraglino v. State Farm Fire & Cas. Co.*, 896 F.2d 420, 421 (9th Cir.1990) (defining the "issuance of the mandate" as "return[ing] [the case] to the district court's jurisdiction"); Nelson, Goelz & Watts, Federal Ninth Circuit Civil Appellate Practice (The Rutter Group 2003) § 13:323 ("The court does not issue a separate mandate after it grants or denies mandamus relief. The order is effective immediately."). "Indeed, in the context of an extraordinary writ such as mandamus, there is no need for us to relinquish our jurisdiction to the district court because it was never deprived of jurisdiction over the underlying case." *Ellis*, 360 F.3d at 1023.

The Ninth Circuit issued an opinion on July 23, 2021, "grant[ing] Mersho, Chau, and Karczynski's petition for a writ of mandamus to the extent it seeks to vacate the district court's order appointing Angelo Baio as lead plaintiff" and "remanding to the district court to redetermine the lead plaintiff in a manner that is consistent with this opinion." *Mersho*, 6 F.4th at 903. Because the Ninth Circuit has now disposed of the mandamus petition, the

2

Court should issue the scheduling order contemplated by its March 3, 2021 Order staying proceedings.

## CONCLUSION

For the foregoing reasons, the Nikola Investor Group respectfully requests that the Court enter an Order lifting the stay and issuing a scheduling order for further proceedings. The Nikola Investor Group will await further instruction from the Court.

September 21, 2021                                    Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　*/s/ Gary Gotto*
　　　　　　　　　　　　　　　　　　　　　　　Gary Gotto (No. 007401)
　　　　　　　　　　　　　　　　　　　　　　　**KELLER ROHRBACK L.L.P.**
　　　　　　　　　　　　　　　　　　　　　　　3101 North Central Avenue, Suite 1400
　　　　　　　　　　　　　　　　　　　　　　　Phoenix, AZ 85012
　　　　　　　　　　　　　　　　　　　　　　　ggotto@kellerrohrback.com
　　　　　　　　　　　　　　　　　　　　　　　Tel.: (602) 230-6322

　　　　　　　　　　　　　　　　　　　　　　　*Liaison Counsel for*
　　　　　　　　　　　　　　　　　　　　　　　*Movant Nikola Investor Group*

　　　　　　　　　　　　　　　　　　　　　　　**POMERANTZ LLP**
　　　　　　　　　　　　　　　　　　　　　　　Jeremy A. Lieberman
　　　　　　　　　　　　　　　　　　　　　　　J. Alexander Hood II
　　　　　　　　　　　　　　　　　　　　　　　600 Third Avenue, 20th Floor
　　　　　　　　　　　　　　　　　　　　　　　New York, NY 10016
　　　　　　　　　　　　　　　　　　　　　　　Telephone: (212) 661-1100
　　　　　　　　　　　　　　　　　　　　　　　Facsimile: (212) 661-8665
　　　　　　　　　　　　　　　　　　　　　　　jalieberman@pomlaw.com
　　　　　　　　　　　　　　　　　　　　　　　ahood@pomlaw.com

　　　　　　　　　　　　　　　　　　　　　　　**BLOCK & LEVITON LLP**
　　　　　　　　　　　　　　　　　　　　　　　Jeffrey C. Block
　　　　　　　　　　　　　　　　　　　　　　　Jacob A. Walker
　　　　　　　　　　　　　　　　　　　　　　　Michael Gaines
　　　　　　　　　　　　　　　　　　　　　　　260 Franklin Street, Suite 1860
　　　　　　　　　　　　　　　　　　　　　　　Boston, MA 02110
　　　　　　　　　　　　　　　　　　　　　　　Tel: (617) 398-5600
　　　　　　　　　　　　　　　　　　　　　　　Fax: (617) 507-6020
　　　　　　　　　　　　　　　　　　　　　　　jeff@blockleviton.com
　　　　　　　　　　　　　　　　　　　　　　　jake@blockleviton.com
　　　　　　　　　　　　　　　　　　　　　　　steti@blockleviton.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Counsel for Movant Nikola Investor Group and Proposed Co-Lead Counsel for the Class*

**LABATON SUCHAROW LLP**
David J. Schwartz
Francis P. McConville
140 Broadway
New York, NY 10005
Tel: (212) 907-0800
Fax: (212) 883-7070
dschwartz@labaton.com
fmcconville@labaton.com

*Additional Counsel for Movant Nikola Investor Group*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on September 21, 2021, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Gary A. Gotto*
Gary A. Gotto