**TIFFANY & BOSCO, P.A.**
Richard G. Himelrick, State Bar No. 004738
Seventh Floor Camelback Esplanade II
2525 East Camelback Road
Phoenix, Arizona 85016
Telephone: (602) 255-6000
Email: rgh@tblaw.com
*Liaison Counsel for Movant*

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim (*Admitted pro hac vice*)
Laurence M. Rosen (*Admitted pro hac vice*)
Brent LaPointe (*Admitted pro hac vice*)
Brian B. Alexander (*Admitted pro hac vice*)
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Email: pkim@rosenlegal.com
       lrosen@rosenlegal.com
       blapointe@rosenlegal.com
       balexander@rosenlegal.com
*Counsel for Movant*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Borteanu, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>Nikola Corporation; Trevor R. Milton; Steve Girsky; Steve Shindler; Mark A. Russell; and Kim J. Brady,<br><br>Defendants. | No. 2:20-cv-01797-PHX-SPL<br><br>**NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES OF MOVANT ANGELO BAIO TO SET AN EVIDENTIARY HEARING REGARDING LEAD PLAINTIFF APPOINTMENT**<br><br>**JUDGE: Steven P. Logan** |

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that Angelo Baio ("Mr. Baio" or "Movant") moves the Court for an evidentiary hearing requiring the attendance of the members of the Nikola Investor Group II, Vincent (Vi Kinh) Chau, George Mersho, and Stanley Karczynski (collectively "Group II"), Mr. Baio, and any other lead plaintiff movant the Court considered in *Borteanu v. Nikola Corporation*, 507 F. Supp. 3d 1128, 1140-41 (D. Ariz. 2020) (the "Lead Plaintiff Order") and wishes to pursue their motion for the presentation of documentary and testimonial evidence as to adequacy and typicality in connection with the Court's consideration of the motions for appointment of lead plaintiff.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**A.  Background**

On December 15, 2020, the Court issued an order consolidating the related actions, appointing Mr. Baio as Lead Plaintiff, and approving his selection of The Rosen Law Firm P.A. as Lead Counsel and Tiffany & Bosco P.A. as Liaison Counsel. *Borteanu v. Nikola Corporation*, 507 F. Supp. 3d 1128, 1140-41 (D. Ariz. 2020) (the "Lead Plaintiff Order"). In appointing Mr. Baio, the Court denied the competing lead plaintiff motions, including Group II's motion. In particular, the Court inferred from the absence of any evidence concerning the circumstances of Group II's formation that Group II was an unrelated group of disparate individuals cobbled together by four different counsel to take control of the litigation, contrary to the purposes of the PSLRA.

On December 30, 2020, Group II filed a petition for a writ of mandamus with the Ninth Circuit. *In re Mersho*, Case No. 20-73819, Dkt. Nos. 1, 1-1. Group II requested that the Court of Appeals vacate the Lead Plaintiff Order and appoint Group II as Lead Plaintiff. *In re Mersho*, 6 F.4th 891, 896 (9th Cir. 2021).[1]

---

[1] Group II explicitly waived their argument made for the first time on reply in the lead plaintiff briefing (Dkt. No. 48 at 14-15) that Group II individual members should be considered individually as lead plaintiff in the event the group is rejected. *In re Mersho*, Case No. 20-73819, Dkt. No. 18 at 14.

NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES OF MOVANT ANGELO BAIO TO SET AN EVIDENTIARY HEARING REGARDING LEAD PLAINTIFF APPOINTMENT

2

The Ninth Circuit granted the petition for a writ of mandamus "to the extent it seeks to vacate the district court's order appointing [Angelo] Baio as lead plaintiff." *Id.* at 903. The Court denied the petition to the extent it sought appointment of Group II as Lead Plaintiff and "remand[ed] to the district court to redetermine the lead plaintiff in a manner that is consistent with this opinion." *Id.*

The Ninth Circuit did not disagree with the substantive standards this Court applied. The Ninth Circuit acknowledged that "[m]any district courts have considered the lack of a pre-litigation relationship as part of their adequacy analysis" because the lack of relationship may "indicate that members may not work together well to vigorously prosecute the litigation or they might not be able to control counsel." *Id.* at 901. "District courts often consider a pre-litigation relationship along with other factors such as the size of the group, how the members found their counsel, and the prosecution procedures set out in their filings." *Id.* at 902.

While agreeing that the factors this Court considered were relevant, the Ninth Circuit found a narrow *procedural* error in the manner in which the Court considered those factors. Specifically, the Ninth Circuit faulted this Court for basing its misgivings about the circumstances of Group II's formation on the *absence* of evidence about a pre-litigation relationship, rather than on any *affirmative evidence* that no such relationship existed. *Id.* at 901. In other words, the Ninth Circuit did not disagree that the fact Group II was a collection of unrelated investors cobbled together by counsel for the purpose of securing lead plaintiff appointment would be a proper basis for finding Group II inadequate and denying lead plaintiff status. The Ninth Circuit merely held that the Court's finding to that effect had to be based on some *affirmative evidence* rather than the absence of evidence.

The Ninth Circuit based that holding on the PSLRA's three-step process:

<u>Step one</u> is publication of notice. *In re Mersho*, 6 F. 4th at 899 (citing 15 U.S.C. § 78u-4(a)(3)(A)(i)(I)–(II)).

In <u>step two</u>, the court identifies the "most adequate plaintiff," which is the movant with the largest financial interest who has made a *prima facie* showing of adequacy and typicality under Rule 23. *Id.* (citing *In re Cavanaugh,* 306 F.3d 726, 730 (9th Cir. 2002)). That movant then becomes the presumptive lead plaintiff. *Id.* If the movant with the largest financial interest does not satisfy the Rule 23 requirements of typicality and adequacy, the court then looks to the movant with next largest financial interest and repeats the inquiry. *Id.* Step two is "not adversarial, so the Rule 23 determination should be based on only the movant's pleadings and declarations." *Id.*

At <u>step three</u>, the process turns adversarial. *Id.* Competing movants may rebut the presumptive lead plaintiff "only upon proof … that the presumptively most adequate plaintiff ... will not fairly and adequately protect the interests of the class; or [ ] is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Id.* (alteration in original) (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)–(bb)). At this step, "[t]he district court may need to hold an evidentiary hearing, and to make a renewed determination of typicality and adequacy." *Cavanaugh*, 306 F.3d at 730-31. The statute also permits discovery if the movant can "demonstrate[ ] a reasonable basis for a finding that the presumptively most adequate plaintiff is incapable of adequately representing the class." *In re Mersho*, 6 F.4th at 899 (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iv)).

The Ninth Circuit found that this Court erred by "not giv[ing] effect to the presumption" at step three. *Id*. at 901. Specifically, this Court relied on the **absence** of evidence of a pre-litigation relationship rather than any **affirmative evidence** to rebut the presumption:

> For the presumption to have meaning at step three, competing movants must point to evidence of inadequacy. Competing movants must convince the district court that the presumptive lead plaintiff would not be adequate, not merely that the district court was wrong in determining that the prima facie elements of adequacy were met. That is the purpose of the presumption and burden-shifting. The district court made a prima facie determination at step

two that Group II was adequate. But at step three, it appeared to change its mind because other courts usually prefer members of the group to have a pre-litigation relationship. It pointed to no evidence to support its decision, instead relying only on the absence of proof by Group II regarding a pre-litigation relationship and its misgivings. That does not comport with the burden-shifting process Congress established in the PSLRA.

*Id.*

The Court explained that "[i]f a district court determines at step three that a movant is inadequate, it must articulate how the evidence proves inadequacy." *Id*. at 902. The Court concluded that "[b]ecause the district court here based its decision only on speculation that Group II lacks a pre-litigation relationship, it left the burden on Group II at step three, and it was clear error to find that the presumption had been rebutted." *Id*.

## ARGUMENT

The Court should hold an evidentiary hearing to gather evidence concerning the adequacy of the lead plaintiff movants. The Ninth Circuit agreed that this Court properly considered relevant factors: namely, whether Group II's members had any pre-litigation relationship or whether they were instead hastily assembled by counsel to secure lead plaintiff status. The Ninth Circuit vacated this Court's order only because this Court relied on the ***absence*** of evidence, rather than affirmative evidence, in evaluating those factors. An evidentiary hearing would permit the Court to fill that gap. First-hand testimony from the members of Group II (or any other proposed lead plaintiff) concerning how the group was formed and the extent of any pre-litigation relationship would fill out the record on precisely the issues where the Ninth Circuit saw only silence.

It is a "well-settled principle that a district court has broad discretion to manage its own calendar." *United States v. Batiste*, 868 F.2d 1089, 1091 n. 4 (9th Cir. 1989); *see In re: Application of Daniel Snyder for an Order Directing Discovery from Bruce Allen Pursuant to 28 U.S.C. § 1782*, No. 2:21-mc-00022-SPL (D. Ariz. July 28, 2021) (Logan, J.), Dkt. No. 26 at 2. "Whether an evidentiary hearing is appropriate rests in the reasoned discretion of the district court." *United States v. Walczak*, 783 F.2d 852, 857 (9th Cir.

1986); *see In re: Snyder*, No. 2:21-mc-00022-SPL, Dkt. No. 26 at 2-3 ("'The only reason for a rule prohibiting the district court from holding a hearing … would be to save court time or the parties' time. [Therefore, i]f the district court … believes that it is worth taking the time to hold the hearing, [then the Ninth Circuit] will not preclude it from doing so.'") (quoting *Batiste*, 868 F.2d at 1092).

In PSLRA cases in particular, the Ninth Circuit has recognized that "[t]he district court may need to hold an evidentiary hearing, and to make a renewed determination of typicality and adequacy." *Cavanaugh*, 306 F.3d at 730–31. "Where facts regarding appointment are disputed, an evidentiary hearing may be appropriate." *Markette v. XOMA Corp.*, 2016 WL 2902286, at *2 (N.D. Cal. May 13, 2016) (citing *Cavanaugh*, 306 F.3d at 730). Consistent with that guidance, courts around the country have held lead plaintiff hearings requiring testimony from the lead plaintiff movants. *See, e.g., Plagens v. Deckard*, Nos. 1:20-cv-2744, 1:21-cv-238, 2021 WL 3284265, at *2 (N.D. Ohio Aug. 2, 2021); *Rao v. Quorum Health Corp.*, 221 F. Supp. 3d 987, 988 (M.D. Tenn. 2016); *MacFarland v. Diamond Foods, Inc.*, No. 3:11-cv-05692-WHA (C.D. Cal.), Dkt. No. 9; *Zucker v. Zoran Corp., No. C 06-04843 WHA*, 2006 WL 3591156, at *4 (N.D. Cal. Dec. 11, 2006).

While the Ninth Circuit has not provided specific factors a court should consider in exercising its discretion to set an evidentiary hearing, decisions permitting discovery provide some guidance. Those decisions permit evidentiary development where there is a "reasonable basis" to question the adequacy of a proposed lead plaintiff. *See, e.g., Andrade v. Am. Apparel, Inc.*, No. CV 10-06352 MMM (RCx), 2011 WL 13131110, at *3 (C.D. Cal. Jan. 21, 2011) ("[E]xpedited discovery related to whether [a prospective lead plaintiff] is the most adequate plaintiff ... is permitted by 15 U.S.C. § 78u-4(a)(3)(B)(iv) if the plaintiff demonstrates 'a reasonable basis for a finding that [such] plaintiff is incapable of adequately representing the class.'") (quoting *Knisley v. Network Associates, Inc.*, 77 F. Supp. 2d 1111, 1112 (N.D. Cal. 1999)); *Rao*, 221 F. Supp. 3d at

990 ("When the Court has a 'reasonable basis' for finding the presumptively most adequate plaintiff is 'incapable of adequately representing the class,' the Court may allow for 'limited discovery' into the presumptively lead plaintiff."); *Applestein v. Medivation Inc.*, No. C 10–00998 MHP, 2010 WL 3749406, at *5 (N.D. Cal. Sept. 20, 2010) (permitting discovery regarding lead plaintiff appointment because "the court does harbor some concerns about Catoosa's transparency and its trading practices; at this point in the litigation it is somewhat of an unknown entity").

That standard is met here. There is a "reasonable basis" to question whether Group II is capable of adequately representing the class. While the Ninth Circuit found fault in how this Court applied the lead plaintiff presumption, it agreed that district courts may consider "pre-litigation relationships or cohesion" and "other factors such as the size of the group, how the members found their counsel, and the prosecution procedures set out in their filings" in determining adequacy and typicality. *In re Mersho*, 6 F.4th at 901-02. Mr. Baio also identified a number of other reasons why Group II was inadequate.[2] The Ninth Circuit did not dispute the relevance of those considerations either – it merely interpreted this Court's order not to have relied on them. *Id.* at 901 & n.2.

The ***only*** reason the Ninth Circuit vacated this Court's order was a perceived procedural error: that the Court relied on the ***absence*** of evidence, rather than evidence, in finding the presumption of adequacy rebutted at step three. The Ninth Circuit faulted this Court for "point[ing] to no *evidence* to support its decision, instead relying only on the absence of proof by Group II regarding a pre-litigation relationship and its misgivings." *Id.* at 901. An evidentiary hearing will allow the Court and competing

---

[2] Mr. Baio argued that "1) Nikola Investor Group II is a group of unrelated individuals brought together by counsel, 2) it has failed to explain why the grouping and four law firms are necessary, 3) its filings are full of errors that suggest the individuals are not involved and counsel is running the litigation, and 4) it has not shown it is a cohesive group and its members are geographically diverse and unconnected." *In re Mersho*, 6 F.4th at 897 (quoting *Borteanu*, 507 F. Supp. 3d at 1137).

movants to home in on that error and make the appropriate record on the issues where the Ninth Circuit found evidence to be lacking.

## CONCLUSION

For the foregoing reasons, Mr. Baio respectfully requests that the Court set an evidentiary hearing requiring the attendance of the members of Group II, Mr. Baio, and any other lead plaintiff movant the Court considered in the Lead Plaintiff Order and wishes to pursue their motion for the presentation of documentary and testimonial evidence in connection with the competing motions for appointment of lead plaintiff.

Dated: October 15, 2021         Respectfully submitted,

**TIFFANY & BOSCO, P.A.**

/s/Richard G. Himelrick
Richard G. Himelrick, State Bar No. 004738
Seventh Floor Camelback Esplanade II
2525 East Camelback Road
Phoenix, Arizona 85016
Telephone: (602) 255-6000
Email: rgh@tblaw.com

*Liaison Counsel for Movant*

**THE ROSEN LAW FIRM P.A.**
Phillip Kim (*Admitted pro hac vice*)
Laurence M. Rosen (*Admitted pro hac vice*)
Brent LaPointe (*Admitted pro hac vice*)
Brian B. Alexander (*Admitted pro hac vice*)
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Email: pkim@rosenlegal.com
           lrosen@rosenlegal.com
           blapointe@rosenlegal.com
           balexander@rosenlegal.com

*Counsel for Movant*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 15, 2021, the attached document was electronically transmitted to the Clerk of the Court using the CM/ECF System which will send notification of such filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

/s/ Shelley Boettge
Shelley Boettge