**WILENCHIK & BARTNESS**
— A PROFESSIONAL CORPORATION —

ATTORNEYS AT LAW
The Wilenchik & Bartness Building
2810 North Third Street  Phoenix, Arizona 85004

Telephone: 602-606-2810    Facsimile: 602-606-2811

Dennis I. Wilenchik, #005350
admin@wb-law.com

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Brad S. Karp (*pro hac vice*)
Susanna M. Buergel (*pro hac vice*)
Gregory F. Laufer (*pro hac vice*)
Alison R. Benedon (*pro hac vice*)
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
bkarp@paulweiss.com
sbuergel@paulweiss.com
glaufer@paulweiss.com
abenedon@paulweiss.com

*Attorneys for Defendants Nikola Corporation,*
*Kim J. Brady, Steve Girsky, Mark A. Russell,*
*Steven Shindler, and Britton M. Worthen*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **Daniel Borteanu, Individually and On Behalf of all Others Similarly Situated,**<br><br>Plaintiff,<br><br>vs.<br><br>**Nikola Corporation, Trevor R. Milton, Mark A. Russell, Kim J. Brady, Britton M. Worthen, Steve Girsky, and Steven Shindler,**<br><br>Defendants. | Case No:  2:20-cv-01797-PHX-SPL<br>Case No:  2:20-cv-01819-PHX-SPL (cons.)<br>Case No:  2:20-cv-02123-PHX-SPL (cons.)<br>Case No:  2:20-cv-02168-PHX-SPL (cons.)<br>Case No:  2:20-cv-02237-PHX-SPL (cons.)<br>Case No:  2:20-cv-02374-PHX-SPL (cons.)<br><br>**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF NIKOLA AND NIKOLA DEFENDANTS' MOTION TO DISMISS THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT** |

Defendants Kim J. Brady, Steve Girsky, Mark A. Russell, Steven Shindler, Britton M. Worthen (together, the "Nikola Defendants"), and Nikola Corporation ("Nikola" or the "Company") submit this notice of supplemental authority to advise the Court of the United States Court of Appeals for the Second Circuit's recent decision in *SEC* v. *Rio Tinto PLC*, No. 21-2042 (2d Cir. July 15, 2022), attached hereto as **Exhibit 1**, which further supports Nikola and the Nikola Defendants' Motion to Dismiss the Consolidated Amended Class Action Complaint Pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6) (the "Motion to Dismiss"). ECF No. 111.

In *Rio Tinto*, the Second Circuit considered whether its prior holding in *Lentell* v. *Merrill Lynch & Co.*, 396 F.3d 161 (2d Cir. 2005), that misstatements alone cannot give rise to scheme liability under Rule 10b-5(a) and (c), was abrogated by *Lorenzo* v. *SEC*, 139 S. Ct. 1094 (2019), which held that dissemination of a false statement (by, in that case, sending investors personal emails that contained someone else's false statements) could sustain a scheme liability claim. Ex. 1 at 1–2. *Rio Tinto* involved allegations by the SEC that the defendants "failed to prevent misleading statements from being disseminated by others." *Id.* at 12. The SEC did not allege that the defendants disseminated false statements, but the SEC argued that *Lorenzo* expanded the scope of scheme liability such that misstatements and omissions alone, contrary to the holding in *Lentell*, could sustain a scheme liability claim. *Id.*

In *Rio Tinto*, the Second Circuit rejected the SEC's argument and concluded that *Lorenzo* did not abrogate *Lentell*. *Id.* at 4–5. The Second Circuit noted that the SEC's proposed approach could extend scheme liability to include mere participation in the making of a misstatement, which would be inconsistent with the holding in *Janus Capital Group, Inc.* v. *First Derivative Traders*, 564 U.S. 135 (2011), limiting primary liability for misstatements under Rule 10b-5(b) to the "maker" of a statement. *Id.* at 13. The Second Circuit also explained that an expanded interpretation of scheme liability would circumvent the heightened pleading standards of the Private Securities Litigation Reform Act, which requires private plaintiffs to "specify each statement alleged to have been misleading, [and] the reason or reasons why the statement is misleading." *Id.* (quoting 15 U.S.C. § 78u-4(b)(1)). Expanding the scope of scheme liability

2

would also, the Second Circuit observed, "lower the bar for primary liability for securities fraud, along with the pleading standard in cases involving private plaintiffs." *Id.*

Here, Plaintiffs argue that the Nikola Defendants are liable under Rule 10b-5(a) and (c) for engaging in a purported "scheme" to defraud the market. *See* ECF No. 116 at 11; ECF No. 95 at ¶¶ 551–55. But, Plaintiffs have not identified any particular scheme or course of conduct separate from any alleged misstatements. ECF No. 111 at 15. Instead, Plaintiffs have asserted that the Nikola Defendants are "liable for the false statements made by others" and that they engaged in "permissive" conduct by allowing Trevor Milton to make purportedly false or misleading statements and by "signal[ing] investors to trust in Milton." *See* ECF No. 116 at 11–12.

In opposing the Motion to Dismiss, Plaintiffs relied on *Lorenzo* for the proposition that "a defendant can be liable for another's misstatements if part of a scheme, even if he did not 'make' the statement and 'the only conduct involved concerns a misstatement.'" ECF No. 116 at 11. But, as set forth in the Motion to Dismiss and confirmed by the Second Circuit in *Rio Tinto*, Plaintiffs' argument misinterprets *Lorenzo* and conflicts with *Janus*. Plaintiffs' scheme theory of liability against the Nikola Defendants is thus untenable under the federal securities laws.

Further, although Plaintiffs have made conclusory allegations that all of the Nikola Defendants collectively "disseminat[ed] materially false and misleading information," *see* ECF No. 95 at ¶ 532, Plaintiffs have not specified *who* disseminated *which* purportedly misleading statements, *how* they allegedly disseminated those statements, or *when* they did so. And, in any event, Plaintiffs seem to have abandoned this theory in opposing the Motion to Dismiss. *See generally* ECF No. 116.

For these reasons, and the reasons set out in the Motion to Dismiss, the Consolidated Amended Class Action Complaint should be dismissed with prejudice.

…

…

…

**RESPECTFULLY SUBMITTED** on July 19, 2022.

        **WILENCHIK & BARTNESS, P.C.**

        */s/ Dennis I. Wilenchik*
        Dennis I. Wilenchik, Esq.
        The Wilenchik & Bartness Building
        2810 North Third Street
        Phoenix, Arizona 85004
        admin@wb-law.com

        **PAUL, WEISS, RIFKIND,**
        **WHARTON & GARRISON LLP**

        */s/ Brad S. Karp*
        Brad S. Karp, Esq. (admitted *pro hac vice*)
        Susanna M. Buergel, Esq. (admitted *pro hac vice*)
        Gregory F. Laufer, Esq. (admitted *pro hac vice*)
        Alison R. Benedon, Esq. (admitted *pro hac vice*)
        1285 Avenue of the Americas
        New York, New York 10019-6064
        bkarp@paulweiss.com
        sbuergel@paulweiss.com
        glaufer@paulweiss.com
        abenedon@paulweiss.com

        *Attorneys for Defendants Nikola Corporation, Kim J. Brady, Steve Girsky, Mark A. Russell, Steven Shindler, and Britton M. Worthen*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 19, 2022, the attached document was electronically transmitted to the Clerk of the Court using the CM/ECF System which will send notification of such filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

*/s/ Christine M. Ferreira*