**WILENCHIK & BARTNESS**
— A PROFESSIONAL CORPORATION —

ATTORNEYS AT LAW
The Wilenchik & Bartness Building
2810 North Third Street  Phoenix, Arizona 85004

Telephone: 602-606-2810    Facsimile: 602-606-2811

Dennis I. Wilenchik, #005350
admin@wb-law.com

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Brad S. Karp (*pro hac vice*)
Susanna M. Buergel (*pro hac vice*)
Gregory F. Laufer (*pro hac vice*)
Alison R. Benedon (*pro hac vice*)
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
bkarp@paulweiss.com
sbuergel@paulweiss.com
glaufer@paulweiss.com
abenedon@paulweiss.com

*Attorneys for Defendants Nikola Corporation,
Kim J. Brady, Steve Girsky, Mark A. Russell,
Steven Shindler, and Britton M. Worthen*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Borteanu, Individually and On Behalf of all Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>Nikola Corporation, Trevor R. Milton, Mark A. Russell, Kim J. Brady, Britton M. Worthen, Steve Girsky, and Steven Shindler,<br><br>Defendants. | Case No:  2:20-cv-01797-PHX-SPL<br>Case No:  2:20-cv-01819-PHX-SPL (cons.)<br>Case No:  2:20-cv-02123-PHX-SPL (cons.)<br>Case No:  2:20-cv-02168-PHX-SPL (cons.)<br>Case No:  2:20-cv-02237-PHX-SPL (cons.)<br>Case No:  2:20-cv-02374-PHX-SPL (cons.)<br><br>**RESPONSE TO PLAINTIFFS'**<br>**(i) RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY AND (ii) NOTICE OF SUPPLEMENTAL AUTHORITY** |

Defendants Kim J. Brady, Steve Girsky, Mark A. Russell, Steven Shindler, Britton M. Worthen (together, the "Nikola Defendants"), and Nikola Corporation ("Nikola" or the "Company") submit this response to (i) Plaintiffs' Response to Nikola Defendants' Notice of Supplemental Authority and (ii) Plaintiffs' Notice of Supplemental Authority (Doc. 120).

### i. Reply to Plaintiffs' Response to Nikola Defendants' Notice of Supplemental Authority

Plaintiffs' response to the Nikola Defendants' Notice of Supplemental Authority asks this Court to disregard *SEC* v. *Rio Tinto PLC*, 2022 WL 2760323 (2d Cir. July 15, 2022), on the ground that it supposedly conflicts with *In re Alphabet, Inc. Sec. Litig.*, 1 F.4th 687, 699 (9th Cir. 2021). Plaintiffs are mistaken.

*Rio Tinto* and *Alphabet* both addressed certain contours of scheme liability following *Lorenzo* v. *SEC*, 139 S. Ct. 1094, 1100 (2019), which held that "dissemination of false or misleading statements with intent to defraud can fall within the scope" of scheme liability. *Alphabet*, like *Lorenzo*, involved dissemination allegations, so the Ninth Circuit followed *Lorenzo*'s holding on that issue. The Ninth Circuit also noted that *Lorenzo* abrogated *WPP Luxembourg Gamma Three Sarl* v. *Spot Runner, Inc.*, 655 F.3d 1039, 1057 (9th Cir. 2011), which held that scheme liability requires conduct apart from misstatements or omissions, but did not address whether allegations of misstatements alone can give rise to scheme liability absent dissemination—the very issue that *Rio Tinto* did address. Further, *Rio Tinto*, unlike *Alphabet*, did not involve dissemination allegations, so the Second Circuit had no occasion to address *Lorenzo*'s holding on that point. As such, there is no conflict between Second Circuit and Ninth Circuit precedent.

### ii. Response to Plaintiffs' Notice of Supplemental Authority

Plaintiffs also argue that *In re Stable Road Acquisition Corp. Securities Litigation*, 2022 WL 2762213 (C.D. Cal. July 13, 2022), supports their position that their complaint adequately alleges scienter. Plaintiffs are mistaken here as well.

The *Stable Road* plaintiff, unlike plaintiffs here, made highly particularized scienter allegations as to certain defendants, including specific allegations that those defendants "had

2

direct knowledge" and/or "had a direct role" in the business matters at issue. *Id.* at *10. In fact, the *Stable Road* court dismissed claims against other defendants for failure to plead scienter where plaintiff's allegations were "limited to the fact that th[ose defendants] participated in due diligence at [the company's] offices and on conference calls, and generally that they held high level positions and had access to documents and information." *Id.* at 12. Plaintiffs' scienter allegations here as to the Nikola Defendants are similarly fatally insufficient.

**RESPECTFULLY SUBMITTED** on August 1, 2022.

**WILENCHIK & BARTNESS, P.C.**

*/s/ Dennis I. Wilenchik*
Dennis I. Wilenchik, Esq.
The Wilenchik & Bartness Building
2810 North Third Street
Phoenix, Arizona 85004
admin@wb-law.com

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

*/s/ Brad S. Karp*
Brad S. Karp, Esq. (admitted *pro hac vice*)
Susanna M. Buergel, Esq. (admitted *pro hac vice*)
Gregory F. Laufer, Esq. (admitted *pro hac vice*)
Alison R. Benedon, Esq. (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019-6064
bkarp@paulweiss.com
sbuergel@paulweiss.com
glaufer@paulweiss.com
abenedon@paulweiss.com

*Attorneys for Defendants Nikola Corporation, Kim J. Brady, Steve Girsky, Mark A. Russell, Steven Shindler, and Britton M. Worthen*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 1, 2022, the attached document was electronically transmitted to the Clerk of the Court using the CM/ECF System which will send notification of such filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

*/s/ Christine M. Ferreira*