**WILENCHIK & BARTNESS**
A PROFESSIONAL CORPORATION

ATTORNEYS AT LAW
The Wilenchik & Bartness Building
2810 North Third Street  Phoenix, Arizona  85004

Telephone:  602-606-2810      Facsimile:  602-606-2811

Dennis I. Wilenchik, #005350
admin@wb-law.com

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Brad S. Karp (*pro hac vice*)
Susanna M. Buergel (*pro hac vice*)
Gregory F. Laufer (*pro hac vice*)
Alison R. Benedon (*pro hac vice*)
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
bkarp@paulweiss.com
sbuergel@paulweiss.com
glaufer@paulweiss.com
abenedon@paulweiss.com

*Attorneys for Defendants Nikola Corporation,*
*Kim J. Brady, Steve Girsky, Mark A. Russell,*
*Steve Shindler, and Britton M. Worthen*

## UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Borteanu, Individually and On Behalf of all Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>Nikola Corporation, Trevor R. Milton, Mark A. Russell, Kim J. Brady, Britton M. Worthen, Steve Girsky, and Steve Shindler,<br><br>Defendants. | Case No:  2:20-cv-01797-PHX-SPL<br>Case No:  2:20-cv-01819-PHX-SPL (cons.)<br>Case No:  2:20-cv-02123-PHX-SPL (cons.)<br>Case No:  2:20-cv-02168-PHX-SPL (cons.)<br>Case No:  2:20-cv-02237-PHX-SPL (cons.)<br>Case No:  2:20-cv-02374-PHX-SPL (cons.)<br><br>**NIKOLA DEFENDANTS' OPPOSITION TO LEAD PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE** |

Defendants Kim J. Brady, Steve Girsky, Mark A. Russell, Steven Shindler, Britton M. Worthen (together, the "Nikola Defendants"), and Nikola Corporation ("Nikola" or the "Company") submit this memorandum in opposition to Lead Plaintiffs' Request for Judicial Notice of Defendant Milton's Criminal Conviction for Securities Fraud, filed October 19, 2022. ECF No. 123 (the "Request for Judicial Notice" or "Request"). Plaintiffs have requested that (1) "the Court take judicial notice of Milton's conviction when evaluating the pending Motions to Dismiss" and, (2) "if the Court determines that any claim against any Defendant is not adequately pled, Lead Plaintiffs [be given] the opportunity to amend based on the evidence adduced during Milton's criminal trial." *Id.* at 1.

Nikola and the Nikola Defendants submit that, to the extent the Court entertains Plaintiffs' motion, judicial notice might be appropriate, if at all, only as to *the fact* of Milton's conviction—and nothing more. Defendants further submit that, to the extent Plaintiffs' are asking the Court take judicial notice of *evidence*—whether in the form of testimony or documents—adduced at Milton's trial, the request should be denied. Any such evidence is ineligible for judicial notice given the current posture of the case and may not be used to supplement Plaintiffs' insufficient allegations. In any event, the testimony and documentary evidence adduced at Milton's trial does not support Plaintiffs' scienter allegations as to the Nikola Defendants because that testimony and evidence does not reflect or concern any Nikola Defendants' mental state with respect to the alleged misstatements at issue here. Leave to amend is thus unwarranted, assuming Plaintiffs' complaint survives our pending motion to dismiss in whole or in part.

## I.   Evidence Adduced at Milton's Trial Is Not Appropriate for Judicial Notice.

On April 8, 2022, Nikola and the Nikola Defendants moved to dismiss Plaintiffs' Consolidated Amendment Complaint (the "Complaint") for failure to state a claim. ECF No. 111. That motion is pending before this Court. Plaintiffs now argue that "testimony and documentary evidence adduced during Milton's criminal trial provides additional support to Lead Plaintiffs' allegations against [the Nikola Defendants]." Request for Judicial Notice, at 4. Plaintiffs have included, as Exhibit 3 to their Request, more than *200 pages* of trial transcripts containing Russell's testimony in an apparent attempt to put before this Court matters not relevant to the

pending Motion to Dismiss.

To the extent Plaintiffs are asking the Court to take judicial notice of testimony and documentary evidence adduced at Milton's trial, that request should be rejected because such evidence is not appropriate for judicial notice here.  Although a court may take judicial notice of "matters of public record," it is well-settled that a court may not, on a motion to dismiss, take notice of disputed underlying facts.  *Lee* v. *City of Los Angeles*, 250 F.3d 668, 689–90 (9th Cir. 2001) (district court had authority to note the fact a waiver was signed but could not take judicial notice of whether signatory had capacity).  In other words, a court may take judicial notice of the "*existence* of the testimony, but not for the truth of the facts recited therein." *Bird* v. *Wells Fargo Bank, N.A.*, 2017 WL 2797854, at *5 n.4 (E.D. Cal. June 28, 2017) (emphasis added); *see also In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 386 n.1 (9th Cir. 2010) ("[T]he content of a deposition is not a clearly established 'fact' of which this panel can take notice."); *Anschutz Corp.* v. *Merrill Lynch & Co. Inc.*, 785 F. Supp. 2d 799, 834 (N.D. Cal. 2011) (noticing "existence" of congressional testimony); *Five Points Hotel P'ship* v. *Pinsonneault*, 835 F. Supp. 2d 753, 757 (D. Ariz. 2011) (court "cannot take judicial notice of the contents of . . . testimony" from related trial).

Accordingly, while the Court may take judicial notice of *the fact* that certain Nikola Defendants testified at Milton's trial, Plaintiffs cannot "rehabilitate the insufficiency of [their] pleading by relying on [testimony or] documents to support allegations that were not actually made in the [C]omplaint." *Rivera* v. *Patel*, 2016 WL 3566949, at *4 (N.D. Cal. July 1, 2016); *see also Jergens* v. *Ohio Dep't of Rehab. & Corr. Adult Parole Auth.*, 492 F. App'x 567, 569 (6th Cir. 2012) (court may not notice the substance of testimony "merely to bolster factual allegations" not included in the initial complaint); *Creviston* v. *Bahia Beach CH Dev., LLC*, 381 F. Supp. 3d 171, 173 n.2 (D.P.R 2019) ("Plaintiffs cannot then bolster the allegations in their Complaint by relying on the factual allegations in the *Doe* Complaint. . . .  The Court therefore takes judicial notice of the *Doe* Complaint to confirm the existence of a related federal court action in this District and the claims asserted therein, but not to shore up the allegations in Plaintiffs' own Complaint.").

1    **II.**    **Leave to Amend Is Not Warranted Because the Evidence Adduced at Milton's**

2    **Trial Is Irrelevant to the Nikola Defendants' State of Mind Concerning the**

3    **Alleged Misstatements at Issue Here.**

4    The testimony and documentary evidence adduced at Milton's trial has nothing to do with

5 the question of whether any of the Nikola Defendants knowingly or recklessly made the alleged

6 false and/or misleading statements at issue in this case.  Additionally, because that evidence is

7 inadequate to save the Complaint's fatal pleading flaws, leave to amend is not warranted.

8    The Ninth Circuit requires that, in order to adequately plead scienter in a securities fraud

9 case, Plaintiffs must plead plausible facts from which to infer that the individual Nikola

10 Defendants "made false or misleading statements either intentionally or with deliberate

11 recklessness." *Zucco Partners, LLC* v. *Digimarc Corp.*, 552 F.3d 981, 991 (9th Cir. 2009), *as*

12 *amended* (Feb. 10, 2009); *see also* ECF 111 at 15.  This is a "high burden."  *Prodanova* v. *H.C.*

13 *Wainwright & Co., LLC*, 993 F.3d 1097, 1108 (9th Cir. 2021).  Deliberate recklessness is not mere

14 "motive and opportunity or recklessness"; rather, it is "an *extreme* departure from the standards

15 of ordinary care."  *Id.* (emphasis in original); *City of Dearborn Heights Act 345 Police & Fire*

16 *Ret. Sys.* v. *Align Tech., Inc.*, 856 F.3d 605, 619 (9th Cir. 2017); *see also* ECF 111 at 14.  Further,

17 the law requires Plaintiffs to "allege scienter *with respect to each of the individual defendants.*"

18 *Or. Pub. Emps. Ret. Fund* v. *Apollo Grp. Inc.*, 774 F.3d 598, 607 (9th Cir. 2014) (emphasis added).

19    None of the evidence adduced at Milton's trial and advanced by Plaintiffs here helps them

20 meet this burden.

21    *First*, as explained in the Nikola Defendants' motion papers, Plaintiffs' theory that they

22 can show scienter as to the Nikola Defendants because certain officers and directors tried to

23 *prevent* Milton from making false statements is nonsensical.  *See* ECF 111 at 16; ECF 117 at 9.

24 In a belated and impermissible attempt to overcome that showing, Plaintiffs have now directed

25 the Court to Nikola CEO Mark Russell's testimony at Milton's trial that Russell "knew that

26 [Milton] was going to be out there advocating for the company as top executive and the

27 spokesperson, and [he] knew that [Milton] was active on social media" so he urged him to "take

28 the same precautions" that Nikola takes with its press releases and securities filings.  Ex. 3,

1054:6–7.  Russell further testified that, when he thought Milton was not being sufficiently careful, he and other Nikola executives sought to limit his access to social media and have him participate in media trainings.  *Id.* 1066:12–25.  When those steps did not achieve that outcome, Russell testified that he decided to tell Milton directly that he (Milton) needed to exercise more "discipline and control."  *Id.* 1126:11–1127:16.

This testimony—and similar testimony elicited from other Nikola executives at trial—has nothing to do with Russell's or anyone else's states of mind with respect to the alleged misstatements at issue here.  Plaintiffs argue that what they refer to as the Nikola Defendants' "extraordinary efforts," Request for Judicial Notice, at 4, to cabin Milton's conduct show their intent to defraud.  But that makes no sense.  To the contrary, if anything, Russell's testimony shows the good faith efforts of the Nikola Defendants to ensure that Milton presented accurate statements to the public.  There is certainly nothing in that testimony, or elsewhere, reflecting "an extreme departure from the standards of ordinary care."  *Zucco Partners, LLC*, 552 F.3d at 991.

*Second*, the testimony and evidence adduced at Milton's trial say nothing about whether any of the Nikola Defendants acted with the requisite scienter as to *their own* statements.  A showing of scienter requires "stat[ing] with particularity facts giving rise to a strong inference that [each] defendant acted with the required state of mind."  *Id.* at 991 (quotation marks and citations omitted); ECF 111 at 15; ECF 117 at 8–9.  Under established law, Plaintiffs cannot "lump" defendants together and impute one defendant's alleged scienter to another defendant.  *See In re A-Power Energy Generation Sys. Ltd. Sec. Litig.*, 2012 WL 1983341, at *12 (C.D. Cal. May 31, 2012); *In re Am. Apparel, Inc. S'holder Litig.*, 2013 WL 174119, at *25 (C.D. Cal. Jan. 16, 2013) ("Courts within the Ninth Circuit have [] largely concluded that group pleading is not compatible with the PSLRA's requirements.").  Rather, Plaintiffs are required to allege—with respect to each individual defendant—that each of them possessed the required state of mind when making his or her own alleged misstatements.  *See Or. Pub. Emps. Ret. Fund*, 774 F.3d at 607; *Glazer Cap. Mgmt., LP* v. *Magistri*, 549 F.3d 736, 745 (9th Cir. 2008) (holding "that the PSLRA requires [plaintiffs] to plead scienter with respect to those individuals who actually made the false statements").

Unable to point to any scienter on the part of the Nikola Defendants, Plaintiffs continue to wrongly impute Milton's alleged scienter to Nikola's officers and directors.   Indeed, even Plaintiffs argue that the proffered evidence shows "Russell, Brady, Worthen, and Girsky's knowledge of the falsity of *Milton*'s statements" and that Nikola executives sought to "prescreen [*Milton's*] tweets"; "lock *Milton* out" of social media; and "demand[] that *Milton* stop making false and misleading statements."   Request for Judicial Notice, at 4–5 (emphases added).   None of this testimony shows anything about Russell's, Brady's, or any of the other individual Nikola Defendants' knowledge that *their own statements* were false when made.   But this is exactly what the law requires: "Numerous courts in the Ninth Circuit have held that allegations grouping several defendants together, with no particularized facts alleged as to each defendant, are insufficient to plead the defendant's state of mind (that is, to plead scienter) with the particularity required by the PSLRA."   *See Mendoza* v. *HF Foods Grp. Inc.*, 2021 WL 3772850, at *8 (C.D. Cal. Aug. 25, 2021).   The evidence from Milton's trial upon which Plaintiffs now attempt to rely in no way supports any allegations that each of the Nikola Defendants acted with fraudulent motives or intent.

*Third*, even if, as Plaintiffs argue, the evidence from Milton's trial suggested that the Nikola Defendants were aware of Milton's tendency to make supposedly inaccurate statements, Plaintiffs have not sufficiently alleged that any Company statement was false or misleading as a result of that purported awareness or that any Nikola Defendant knew, *at the time a Company statement was made*, that such a statement could be rendered false or misleading by Milton's statements. "Showing scienter is a matter of showing facts known to or knowable by the makers of alleged misstatements *at the time the statements were made*."   *Zelman* v. *JDS Uniphase Corp.*, 376 F. Supp. 2d 956, 971 (N.D. Cal. 2005) (citations omitted) (emphasis added); *see also Elec. Workers Pension Fund, Loc. 103, I.B.E.W.* v. *HP Inc.*, 2021 WL 4199273, at *9 (N.D. Cal. Sept. 15, 2021) (finding plaintiffs had failed to adequately plead scienter because there were no facts showing that the "defendants had actual knowledge of falsity in their alleged misstatements at the time when the alleged misstatements were made during the class period.").   For example, Plaintiffs suggest that the Nikola Defendants acted with scienter by failing to disclose, on September 14, 2020, that

that Board was considering Milton's exit from the Company.  Request for Judicial Notice, at 5. But, Plaintiffs have not identified any testimony or other evidence from Milton's trial showing that the Board was considering Milton's departure at the time Nikola issued a press release on September 14, 2020, let alone that the Nikola Defendants were aware of such considerations and chose not to disclose them.  Indeed, Plaintiffs have not alleged that Nikola was even under a duty to disclose Milton's departure before it was finalized.  This evidence therefore does not support scienter.

* * * * *

To the extent the Court entertains Plaintiffs' motion, Nikola and the Nikola Defendants respectfully submit that judicial notice is only appropriate, if at all, as to the fact of Milton's conviction and nothing more.  Nikola and the Nikola Defendants further submit that leave to amend is unwarranted, as the testimony and documentary evidence adduced at Milton's trial has not bearing on the Nikola Defendants' scienter.

**RESPECTFULLY SUBMITTED** November 1, 2022.

**WILENCHIK & BARTNESS, P.C.**

*/s/ Dennis I. Wilenchik*
Dennis I. Wilenchik, Esq.
The Wilenchik & Bartness Building
2810 North Third Street
Phoenix, Arizona 85004
admin@wb-law.com

**PAUL, WEISS, RIFKIND,**
**WHARTON & GARRISON LLP**

Brad S. Karp, Esq. (admitted *pro hac vice*)
Susanna M. Buergel, Esq. (admitted *pro hac vice*)
Gregory F. Laufer, Esq. (admitted *pro hac vice*)
Alison R. Benedon, Esq. (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019-6064
bkarp@paulweiss.com
sbuergel@paulweiss.com
glaufer@paulweiss.com
abenedon@paulweiss.com

*Attorneys for Defendants Nikola Corporation,*
*Kim J. Brady, Steve Girsky, Mark A. Russell,*
*Steve Shindler, and Britton M. Worthen*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 1, 2022, the attached document was electronically transmitted to the Clerk of the Court using the CM/ECF System which will send notification of such filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

*/s/ Christine M. Ferreira*