Gary Gotto (No. 007401)
**KELLER ROHRBACK LLP**
3101 North Central Avenue, Suite 1400
Phoenix, AZ 85012
Telephone: (602) 230-6322
Email: ggotto@kellerrohrback.com
*Liaison Counsel for Lead Plaintiffs Nikola Investor Group II and for the Class*

(*Lead Counsel for Lead Plaintiffs Nikola Investor Group II and for the Class appear on the Signature Page*)

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Borteanu, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>Nikola Corporation, et al.,<br><br>Defendants. | No. CV-20-01797-PHX-SPL<br>No. CV-20-01819-PHX-DIR (cons.)<br>No. CV-20-02123-PHX-JJT (cons.)<br>No. CV-20-02168-PHX-DLR (cons.)<br>No. CV-20-02237-PHX-DLR (cons.)<br>No. CV-20-02374-PHX-DWL (cons.) |

**MOTION FOR APPROVAL OF PROPOSED NOTICE TO CLASS MEMBERS OF THE PENDENCY OF CLASS ACTION**

Lead Plaintiffs and Certified Class Representatives George Mersho and Vincent Chau ("Plaintiffs") respectfully move for an Order pursuant to Federal Rule of Civil Procedure 23: (1) approving the terms, form, and dissemination plan of the proposed Court-Ordered Legal Notice, Notice of Pendency of Class Action, and Summary Notice as set out in the Proposed Order attached hereto; (2) approving Strategic Claims Services as Notice Administrator; and (3) authorizing Lead Plaintiffs to send notice to members of the certified class.[1]

This motion is based upon this memorandum, the Proposed Order, the Declaration of Jeffrey C. Block, and the Declaration of Paul Mulholland of proposed claims administrator Strategic Claims Services attached hereto.

**INTRODUCTION**

Plaintiffs have selected Strategic Claims Services ("SCS" or the "Notice Administrator") as the proposed Notice Administrator after a robust search and consideration of a range of other potential vendors. SCS has served as a notice administrator in more than five hundred and fifty other securities class actions and has the expertise, tools, and processes necessary to ensure notice reaches members of the certified class. The proposed notice plan described below and in the contemporaneously filed supporting declarations is consistent with best practices in securities class actions and consistent with the requirements of applicable law.

Parties often reach agreement by stipulation as to the particulars of the mandatory, ministerial process necessary to provide notice to a certified class in a securities class action. *See, e.g.*, Stipulation and Proposed Order Regarding Notice to Class, *In re Lyft, Inc. Sec. Litig.*, No. 4:19-cv-02690-HSG, (N.D. Cal. Sept. 14, 2021). Here, the language of the proposed notice reflects the input of Defendants Ubben, Russell and Brady. Rather than participating in those conversations constructively, Milton's counsel has stated his opposition to the notice

---

[1] The form of the proposed Court-Ordered Legal Notice ("Postcard Notice"), is attached hereto as Exhibit A to Declaration of Jeffrey Block ("Block Decl."). The proposed Notice of Pendency of Class Action (the "Long-Form Notice"), is attached hereto as Block Decl., Exhibit B. The proposed Summary Notice is attached hereto as Block Decl., Exhibit C.

1  plan and moved to decertify the class altogether based on a misconstrued reading of a single
2  provision of a draft document sent to him for consideration. *See* ECF No. 291. A separate
3  response to that motion is forthcoming.
4        This Court should approve the appointment of the proposed notice administrator and
5  distribution of the proposed notice to class members.

## PROCEDURAL BACKGROUND

8        On January 6, 2025, the Court certified this action as a class action under Rule 23 of
9  the Federal Rules of Civil Procedure. ECF No. 224. The Class consists of "all those who
10 purchased or otherwise acquired Nikola Corporation securities during the period June 4, 2020
11 through February 25, 2021, and were damaged upon the revelation of the alleged corrective
12 disclosures. Excluded from the Class are: (i) Defendants; (ii) members of the immediate
13 family of any Defendant who is an individual; (iii) any person who was an officer or director
14 of Nikola during the Class Period; (iv) any firm, trust, corporation, or other entity in which
15 any Defendant has or had a controlling interest; (v) Nikola's employee retirement and benefit
16 plan(s) and their participants or beneficiaries, to the extent they made purchases through such
17 plan(s); and (vi) the legal representatives, affiliates, heirs, successors-in-interest, or assigns of
18 any such excluded person." *Id*.
19       Shortly thereafter, on January 28, 2025, Plaintiffs reached an agreement in principle to
20 settle claims against Defendants Nikola Corporation ("Nikola"), Mark Russell, Kim Brady,
21 and Jeffrey Ubben (collectively with Plaintiffs, the "Settling Parties"). *See* ECF No. 248 at 1.
22 The Settling Parties filed a joint notice informing the Court of the settlement in principle on
23 March 10, 2025. ECF No. 243.
24       Plaintiffs determined that the best interest of the class involved conserving resources
25 by sending a single, consolidated notice to Class Members after the Court's preliminary
26 approval of the settlement. Because the costs of notice are ultimately born by the Class,
27 duplicative notice of the Class's certification followed shortly by notice of a Class settlement
28 would waste the Class's resources and cause confusion in a manner inconsistent with Lead

Plaintiffs' fiduciary duties to the Class. *Cf.* Fed. R. Civ. P. 23 Advisory Committee's Note to 2003 Amendment ("The court should consider the costs of notice in relation to the probable reach of inexpensive methods.") Fed. R. Civ. P. 23(c)(2)(B) provides no timetable for class notice, and it is common for plaintiffs in securities actions to await a potential settlement, or even serve notice up to a year after class certification, so long as absent class members' due process rights are not affected in the interim.[2]

On March 28, 2025, however, Nikola's counsel informed Plaintiffs that, contrary to the provisions of the term sheet concerning the settlement agreement in principle, Nikola would not be filing a motion under Rule 9019 of the Federal Rules of Bankruptcy Procedure seeking the bankruptcy court's approval of the settlement agreement, or otherwise presenting or defending the settlement for approval by the bankruptcy court. *See* ECF No. 248. Absent such a filing, Plaintiffs and the Class would receive no consideration under the terms of the proposed settlement. *Id*. Plaintiffs undertook efforts to resurrect the settlement, including by seeking relief in the bankruptcy proceedings over the next several months, while simultaneously completing fact discovery in this action.

After the dissolution of the proposed settlement, Plaintiffs moved promptly to effectuate notice to the Class once the settlement's timely revival became unlikely, including through their careful selection of an experienced proposed administrator. Plaintiffs sought proposals in a competitive bidding process for notice administration services. Plaintiffs selected SCS as the proposed Notice Administrator in July 2025 as a result of that process. A draft stipulation concerning the content of a proposed notice and the process for the

---

[2] *See Karinski v. Stamps.com, Inc.*, No. CV 19-1828-MWF (SKX) (C.D. Cal.) (class certified on November 9, 2020, followed nine months later by a request to notify the class on August 16, 2021 when a settlement was reached, Dkt. Nos. 172, 194); *Pardi v. Tricida, Inc.*, No. 4:21-cv-00076-HSG (N.D. Cal) (class certification granted September 27, 2024, request to notify class on March 3, 2025 following settlement, Dkt Nos. 188, 211); *In re Under Armour Sec. Litig.*, No. RDB-17-388 (Aug. 24, 2023 D. Md.) (class certified on September 29, 2022, motion to notify class filed eleven months later on August 22, 2023, Dkt. Nos. 246, 293); *In re EQT Corporation Securities Litigation*, No. 2:19-cv-00754-RJC (W.D. Pa.) (class certified on August 11, 2022, notice motion filed one year later on August 18, 2023, Dkt. Nos. 257, 303); *In re QuantumScape Sec. Class Action Litig.*, No. 3:21-cv-00058-WHO (N.D. Cal.) (class certified on December 19, 2022, notice requested eighteen months later in conjunction with proposed settlement, Dkt. Nos. 183, 211).

1  distribution of such notice was shared with counsel for all Parties in August. Plaintiffs and
2  Defendants Ubben, Russell and Brady reached agreement on the language of the proposed
3  notice and the details of the notice plan in early September. Defendant Milton filed a motion
4  to partially decertify the Class following his receipt of the draft stipulation concerning the
5  notice plan. ECF No. 291. Defendant Ubben subsequently communicated that he took no
6  position on this motion. Defendants Russell and Brady reserved. Plaintiffs now seek this
7  Court's approval of the notice plan and authorization to issue the notice to class members.

### THE NOTICE PLAN

Plaintiffs propose a multi-tiered notice plan (the "Notice Plan"). First, the Postcard Notice, Block Decl., Ex. A, will be mailed to every Class member who can be identified through reasonable effort. *See* Declaration of Paul Mulholland on Behalf of Strategic Claims Services Regarding Notice Administration, ¶4 ("Mulholland Decl."); Proposed Order ¶4. The Long-Form Notice will be provided to nominee purchasers who acquired Nikola securities during the Class period for the beneficial interest of others. Mulholland Decl. ¶10; Proposed Order ¶5. These nominees will supply the names and addresses of such beneficial owners, who represent the vast majority of Nikola securities holders, and the Notice Administrator will promptly mail the Postcard Notice to them. *Id*.

Second, a dedicated website for the Action (www.strategicclaims.net/Nikola) will be established at the time of mailing. Mulholland Decl. ¶15; Proposed Order ¶7. The website will make available copies of the Long-Form Notice, Summary Notice, Postcard Notice, the operative Complaint, the Court's order certifying the Class, and this Stipulation and Order. *Id*. In addition, Class Counsel will post the Long-Form Notice on their respective websites. *Id*.

Third, Summary Notice, Block Decl, Ex. C, will be transmitted over PR Newswire. Mulholland Decl. ¶13; Proposed Order ¶9. The Notice Plan provides for a period of sixty days from the mailing of notice in which Class members can request to exclude themselves. Proposed Order ¶10. Finally, the Moving Parties propose that SCS be appointed to supervise

and administer the Notice Plan ("Notice Administrator"). *See* Proposed Order ¶2.

## ARGUMENT

**I. The Proposed Form and Manner of Notice of Pendency of Class Action Meets Rule 23(c)(2)'s Requirements and Due Process**

For any class certified under Rule 23(b)(3), "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B); *see Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974). "The notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." Fed. R. Civ. P. 23(c)(2)(B).

Due process likewise requires that class notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985) (citation omitted).

The Moving Parties' proposed form and manner of notice of pendency of class action satisfy both Fed. R. Civ. P. 23(c)(2) and due process. The proposed Notice Plan is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections," *Mullane v. Cent. Hannover Bank & Trust Co.*, 339 U.S. 306, 314 (1950), and mirrors notice plans regularly approved by courts in the Ninth Circuit. Accordingly, this Court should approve the Notice Plan.

First, the Notice Plan will ensure "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). As set forth in the Mullholland Declaration

and Proposed Order, the Notice Administrator will mail individual notice to all reasonably locatable Class members predominantly through its proprietary methods, and will also seek contact information from Nikola's transfer agent. Mulholland Decl. ¶¶6-10; Proposed Order ¶4. The class members known to Nikola's transfer agent likely make up less than 2% of the class, and such members are likely to receive notice through other channels. Mulholland Decl. ¶¶6-9. The vast majority of Nikola's investors held their securities through brokers other third-party nominees, to whom the Notice Administrator will provide the Long-Form Notice. *Id.* The Notice Administrator will also publish the notice materials on a website designed to inform potential Class members of this action, and ensure the information is transmitted on PR Newswire. Courts routinely approve this multi-tiered approach to satisfying Rule 23 and due process in securities class actions. *See, e.g.*, *In re BofI Holding, Inc. Sec. Litig.*, 2021 WL 6051671, at *2 (S.D. Cal. Dec. 21, 2021) (approving mailed short-form notice, long-form notice posted online, and summary notice disseminated via PR Newswire); *Flynn v. Sony Elecs., Inc.,* (S.D. Cal. Jan. 7, 2015) (approving similar plan including individualized mailing, case-specific website, and publication); *Hunt v. Bloom Energy Corp.*, 2023 WL 7167118, at *9 (N.D. Cal. Oct. 31, 2023) (same).

Second, the proposed form and content of the Postcard Notice, Long-Form Notice, and Summary Notice comply with Rule 23(c)(2)(B). Each document clearly and concisely explains, in plain language, all of the following: (a) the nature of this action; (b) the definition of the Court certified Class; (c) the Class claims, issues, or defenses; (d) a Class member's right to enter an appearance through his, her, or its own attorney; (e) that the Court will exclude from the Class any Class member who requests exclusion; (f) the time and manner for requesting exclusion; and (g) the binding effect of a Class judgment on Class members under Rule 23(c)(3). *See* Block Decl., Exs. A, B, C.

**II. The Court Should Approve the Selection of Strategic Claims Services as Notice Administrator**

The Moving Parties respectfully request that the Court approve the retention of SCS, a highly experienced class action notice administration firm. SCS was selected by Lead

Plaintiffs after a competitive bidding process based on its expertise in securities class actions and its ability to provide notice to the Class cost-effectively, efficiently, and fairly. *See* Mulholland Decl. ¶3. Consistent with Rule 23(c)(2)(B) and as explained in the Mulholland Declaration, SCS will carry out the robust Notice Plan to identify and disseminate the Postcard Notices to Class Members, supplemented by the press release via PR Newswire and the dedicated case-specific website. *Id.* ¶4-16.

### III. Nikola's Bankruptcy May Require Additional Steps to Effectuate Notice, But Class Members Will Receive Notice Regardless

As a matter of ordinary course in a securities class action, a corporate defendant will provide, through its transfer agent, a list, in electronic form, of the names and addresses of all persons who purchased or otherwise acquired the corporation's securities during the Class Period (the "Transfer List"). *See* Mulholland Decl. ¶7; *see also*, Order Approving Notice of Pendency of Class Action, *In re The Honest Co., Inc. Sec. Litig.*, No. 21-cv-07405-MCS-PLA, ¶5 (May 24, 2024 D. Ariz.) (ordering transfer agent to provide administrator with shareholder records); Stipulation and Order Regarding Notice to Class, *In re Lyft Sec. Litig.*, No. 4:19-cv-02690-HSG, ¶6 (Sept. 14, 2021) (same). The notice administrator will then provide notice to all persons identified on the Transfer List.

Given Nikola's bankruptcy and this Court's Order of March 5, 2025 staying the action with respect to Nikola Corporation, ECF No. 241, obtaining the Transfer List directly from Nikola's transfer agent, Continental Stock Transfer & Trust Company ("Continental") is the most direct and appropriate course. While the transmittal of the Transfer List is rarely controversial, Lead Plaintiffs seeks authorization to direct a subpoena to Continental for the limited purpose of obtaining the Transfer List should a subpoena be necessary. If necessary, under the Proposed Order, Lead Plaintiffs will serve Continental no later than five (5) business days after the Court's approval of the Notice. Similar notice plans are routinely approved in securities class actions. *See, e.g.*, *Pardi v. Tricida, Inc.*, 2025 WL 1647162, at *9 (N.D. Cal. May 16, 2025) (approving proposed notice plan which required former transfer agent for bankrupt corporate defendant to provide notice administrator with a data file containing the

names and address of record holders of common stock during the class period.).

Notably, the Transfer List is only relevant for a small number of investors—the vast majority of class members will receive notice of this action through their nominees, typically a brokerage firm, bank or other financial institution, or through the other channels described in the Notice Plan. *See* Mulholland Decl. ¶¶8-9. The proposed Notice Administrator notes that less than 2% of the total population class members are known to a stock transfer agent in a typical securities class action. *Id.* Typically, that population is at least partially duplicative of class members that are likely to be reached through their nominees or the other channels outlined in the Notice Program. *Id.* ¶¶8-9, 14 (describing procedure designed by SCS to obtain contact information of beneficial purchasers).

In short, obtaining the transfer list is an additional step to ensure notice is distributed as widely as possible, and the process of obtaining it is typically a standard and uncontroversial step in the process of distributing notice. *Id.* ¶7. Similar notice plans are approved routinely even in securities class actions where the corporate defendant has gone bankrupt. *See Rieckborn v. Velti PLC*, No. 13-CV-03889-WHO, Dkt. 147, at 8 (N.D. Cal. Aug. 19, 2014) (requiring bankrupt entity's transfer agent to provide transfer list to notice administrator to effectuate class notice). But even without access to the Transfer List, the Notice Administrator will be able to provide notice of the pendency of this action to the Class and the Notice Plan would satisfy the requirements of Rule 23. *Id.* ¶¶9, 14.

## CONCLUSION

For the foregoing reasons, the Moving Parties respectfully request that the Court enter an order:

1. Approving the proposed Short-Form Notice, Long-Form Notice, and Summary Notice of Pendency of Class Action on the basis that these documents meet the requirements of Rule 23 and due process;
2. Approving Strategic Claims Services as Notice Administrator; and
3. Instructing the Notice Administrator to disseminate notice to the Class using the

methods set forth in the Declaration of Paul Mulholland and the Proposed Order, which satisfy the requirements of Rule 23 and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

September 19, 2025

Respectfully submitted,

**KELLER ROHRBACK LLP**

By: /s/ Gary Gotto
Gary Gotto (No. 007401)
3101 North Central Avenue, Suite 1400
Phoenix, AZ 85012
Telephone:   (602) 230-6322
ggotto@kellerrohrback.com

*Liaison Counsel for Lead Plaintiffs Nikola Investor Group II and for the Class*

**POMERANTZ LLP**
Jeremy A. Lieberman (*pro hac vice*)
Michael J. Wernke (*pro hac vice*)
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone:   (212) 661-1100
Facsimile:   (212) 661-8665
jalieberman@pomlaw.com
mjwernke@pomlaw.com

**BLOCK & LEVITON LLP**
Jeffrey C. Block (*pro hac vice*)
Jacob A. Walker (*pro hac vice*)
Michael D. Gaines (*pro hac vice*)
260 Franklin Street, Suite 1860
Boston, MA 02110
Telephone:   (617) 398-5600
Facsimile:   (617) 507-6020
jeff@blockleviton.com
jake@blockleviton.com
michael@blockleviton.com

*Counsel for Lead Plaintiffs Nikola Investor Group II and Co-Lead Counsel for the Class*

**LABATON KELLER SUCHAROW LLP**
Michael P. Canty (*pro hac vice*)
James T. Christie (*pro hac vice*)
Jacqueline R. Meyers (*pro hac vice*)

140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
mcanty@labaton.com
jchristie@labaton.com
jmeyers@labaton.com

*Additional Counsel for Lead Plaintiffs Nikola Investor Group II*

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties through the court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the court's CM/ECF system.

*/s/ Gary Gotto*
Gary Gotto