**HATCH LAW GROUP PC**
Brent O. Hatch (*pro hac vice*)
Adam M. Pace (*pro hac vice*)
Tyler V. Snow (*pro hac vice*)
22 E. 100 S., Suite 400
Salt Lake City, UT 84111
(801) 869-1919
hatch@hatchpc.com
pace@hatchpc.com
snow@hatchpc.com

**WALLIN HESTER, PLC**
Troy A. Wallin (No. 023522)
Chad A. Hester (No. 022894)
1760 E. Pecos Rd., #332
Gilbert, AZ 85295
(480) 240-4150
TWallin@wallinhester.com
C.Hester@wallinhester.com
*Attorneys for Defendant Trevor Milton*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Daniel Borteanu, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>Nikola Corporation; Trevor Milton; Mark A. Russell; Kim J. Brady; Britton M. Worthen; Steve Girsky; Steven Shindler; and Jeffrey Ubben,<br><br>Defendants. | No. CV-20-01797-PHX-SPL<br>No. CV-20-01819-PHX-DIR (cons.)<br>No. CV-20-02123-PHX-JJT (cons.)<br>No. CV-20-02168-PHX-DLR (cons.)<br>No. CV-20-02237-PHX-DLR (cons.)<br>No. CV-20-02374-PHX-DWL (cons.)<br><br>**REPLY IN SUPPORT OF DEFENDANT TREVOR MILTON'S MOTION TO PARTIALLY DECERTIFY CLASS** |

**<u>INTRODUCTION</u>**

Plaintiffs' Opposition (Dkt. 298) presents misleading arguments and excuses which attempt to deflect and distract from the real issue at hand—which is Plaintiffs' failure to exercise reasonable diligence to conduct the discovery necessary to discover the identities of the absentee class members in compliance with this Court's Case Management Order. As a result of Plaintiffs' lack of diligence, they <u>do not have</u> the information that could have been obtained with reasonable effort, which is necessary to provide the individual notice to class members that is required under Rule 23 (i.e., Nikola's stock Transfer List). It is on this basis that Milton has moved to partially decertify the class—not on the straw-man arguments that Plaintiffs raise in their Opposition regarding challenges that Milton has not made to the Court's prior class certification order or other predicates for class certification.

Plaintiffs do not dispute that they failed to conduct any discovery before the June 20, 2025 deadline to obtain the Transfer List or any other information identifying the class members so that individual notice could be sent to them. Plaintiffs are now belatedly asking the Court for permission to serve a subpoena on Nikola's transfer agent to obtain the Transfer List, but they have failed to offer any credible reason why they could not have issued that subpoena immediately after the class was certified on January 6, 2025, or at any point over the following five months prior to the June 20, 2025 deadline. Good cause does not exist for the Court to re-open discovery to allow Plaintiffs to serve the subpoena at this late juncture in the case, i.e., as the parties are on the verge of completing expert discovery and filing dispositive motions.

Plaintiffs' alternative argument that they can provide individual notice to the class

without using Nikola's Transfer List is not well taken, and it is contradicted by both Plaintiffs' proposed notice plan (Dkt. 296), and by the declaration that Plaintiffs submitted from their proposed notice administrator (Dkt. 296-6). It is not an appropriate or sufficient substitute for Plaintiffs to attempt to guess who the class members are by using an underlined proprietary list of potential nominee stock purchasers in lieu of Nikola's Transfer List which would identify the actual individual and nominee purchasers of Nikola's stock. Plaintiffs have failed to demonstrate that they have the ability to provide appropriate individual notice to any class members, so the Court should follow the approach of the court in *Perez v. First Am. Title Ins. Co.*, 2010 WL 4824082 (D. Ariz. Nov. 22, 2010) and issue an order decertifying the class.

## RESPONSE TO PLAINTIFFS' STATEMENT OF FACTS

Plaintiffs did not dispute Milton's statement of facts, and they confirm that they undertook no efforts to identify any absentee members of the class during the five months between January 6, 2025, when the class was certified, and June 20, 2025 when the deadline to serve subpoenas and complete discovery in this matter expired. (*See* Opp. at pp. 1-2). Plaintiffs have also failed to produce to Defendants or the Court the purported "proprietary list" of potential nominee stockholders that they contend could be used to provide notice to the class, in lieu of the Transfer List that they failed to obtain.

Plaintiffs misrepresent the meet and confer discussion with Milton's counsel on September 10, 2025. During that call, Milton's counsel informed Plaintiffs that he had concerns about the timing and appropriateness of Plaintiffs' proposal to issue a belated subpoena to Nikola's transfer agent to obtain the Transfer List, when the Court's deadline

to issue subpoenas and complete discovery had expired months ago on June 20, 2025. (Ex. 1, Pace Decl.). Milton asked Plaintiffs to explain why the subpoena hadn't been served earlier, whether there was any justification for waiting to attempt to serve it until now, and whether Plaintiffs had done anything during discovery to discover the identities of the class members so that individual notice could be provided to them. (*Id.*) Plaintiffs' counsel became very defensive and refused to answer these questions, stating words to the effect that he would not answer any questions that Milton might try to use against him in a motion, and that there was nothing further to discuss if Milton would not stipulate to their proposed notice plan. Milton's counsel also attempted to discuss his objection to Plaintiffs' proposal that Defendants bear a portion of the costs for their proposed notice plan,[1] but this discussion was unproductive. (*Id.*)

## OBJECTIONS TO EVIDENCE IN PLAINTIFFS' OPPOSITION

Pursuant to LRCiv 7.2(m)(2), Milton objects to the admissibility of the following evidence offered in Plaintiffs Opposition:

***Declaration of Jeffrey Block (Dkt. 299).*** Block's statements in paragraph 10 of his declaration about the meet and confer conversation between Milton and Plaintiffs' counsel on September 10, 2025 are inadmissible hearsay under FRE 602 because Block did not participate in that conversation and he lacks personal knowledge of what was said.

---

[1] Plaintiffs are proposing that Defendants bear the costs associated with obtaining and producing Nikola's transfer list. *See* Dkt. 296-6 at p. 5, ¶ 13. This proposal is contrary to law because Plaintiffs are required to bear the entire costs for the notice process. *See, e.g., Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177(1974) ("We also agree with the Court of Appeals that petitioner must bear the cost of notice to members of his class.").

***Declaration of Paul Mulholland (Dkt. 296-5).*** Mulholland's declaration is inadmissible under FRE 602, 702, and 1002. He was not designated as an expert by Plaintiffs and did not provide any expert report in this matter, but his declaration improperly offers an array of unsupported and conclusory expert opinion testimony regarding what happens in the "vast majority" of securities cases, ¶¶ 7-8; among a "majority" of potential class members, ¶ 9; what a class "typically" consists of, ¶ 8; how the "vast majority" of investors hold their securities, ¶¶ 8, 16; how the "majority" of potential class members who are beneficiaries are reached, ¶ 9; and the percentage of Nikola's stockholders that he estimates would receive notice using SCS's proprietary list of potential nominees (which has not been produced) instead of Nikola's actual transfer list, ¶ 14. These are all inadmissible statements because: (1) they are unfounded, speculative, and lack foundation (FRE 602); and (2) they are purported expert opinions that do not satisfy the requirements for admissibility and were not designated or disclosed by Plaintiffs as required under FRE 702 and the Court's scheduling order. Further, all of Mulholland's statements regarding the "proprietary list" of potential nominee stockholders and what it would show are inadmissible under FRE 1002 because Plaintiffs have not produced this list for evaluation to Defendants or the Court.

## ARGUMENT

### I.  Plaintiffs' Inability to Provide Individual Notice to the Class as Required under Rule 23 is Grounds for Decertification.

Plaintiffs argue that Milton's Motion must be denied because he did not challenge the Court's previous findings in the Class Certification Order that the requirements for class certification under Rule 23(a)(1)-(4) were met. (Opp. at pp. 3-4). The Court should

reject this straw-man argument, because Milton has not moved the Court for partial decertification of the class by challenging the Class Certification Order or asking the Court to reconsider its prior determination on the Rule 23(a)(1)-(4) factors.  Instead, Milton's motion is based on Plaintiffs' recently demonstrated inability and failure to issue class notice as required under Rule 23(c)(2)(B), which this Court and numerous other courts have recognized is a valid basis to decertify a class.  *See, e.g., Perez v. First Am. Title Ins. Co.,* No. CV-08-1184-PHX-DGC, 2010 WL 4824082, at *3 (D. Ariz. Nov. 22, 2010) ("The Court concludes that the class must be decertified with respect to class members… who cannot be provided individual notice as required by Rule 23(c)(2)(B)"); *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996) (vacating certification where there were "serious due process concerns about whether adequate notice under Rule 23(c)(2) can be given to all class members"); *Sheinberg v. Sorensen,* No. 00-6041 (JLL), 2007 WL 496872 at * 2 (D. N.J. Feb. 8, 2007) (decertifying class "based on plaintiffs' failure to issue a class notice pursuant to Rule 23(c)(2)(B)").

## II. Plaintiffs are Unable to Provide Individual Notice to the Class as Required under Rule 23 Because They Failed to Obtain Nikola's Stock Transfer List.

### A. Stock Transfer Lists Identify Both Individual and Nominee "Street Name" Purchasers of a Company's Stock.

"In securities actions, the notice process typically begins with review of stock transfer records maintained by the issuer's stock transfer agent, which tracks transfers of the issuer's stock from one name to another."  1 McLaughlin on Class Actions § 5:80 (21st ed.) (attached as Ex. 2).  "These records will reflect some, but not far from all, of the purchases and sales of issuer stock because most holders of securities of publicly traded

- 5 -

companies in the United States register their securities not in their own name but in 'street name,' i.e., their broker's name." *Id.* "Plaintiffs ordinarily must reimburse the brokerage houses for administrative and research costs associated with forwarding notice to class members." *Id.* "**The notice typically will be sent to all individuals or entities who appear on the stock transfer agent records**, and the notice will 'contain a section directing nominees to either provide the claims administrator with the names and addresses of the beneficial owners whose stock they hold so that the claims administrator can mail the notice to the stockholders directly, or to forward the notice if the nominee chooses to send notification directly to their own clients.'" *Id.* (emphasis added); *see also Humphrey v. Escalera Res. Co.,* No. 15-CV-00769, 2018 WL 2445833, at * 4 n. 7 (D. Colo. May 31, 2018) ("When a security is held under a '**street name' registration, it 'is registered in the name of [the investor's] brokerage firm on the issuer's books**, and [the investor's] brokerage firm holds the security for [the investor] in 'book-entry' form.") (emphasis added).

In summary, the records of a company's stock transfer agent are typically used to provide notice to the class in a securities case because they show both: (1) the identities of individuals who purchased stock in their own names; and (2) the identities of "street name" nominee purchasers, such as brokerages, who purchased stock for the beneficial interest of individuals, whose identities are maintained on the nominee's records.

### B. Plaintiffs' Arguments Regarding Nikola's Transfer List Are Misleading and Contradict Their Own Proposed Notice Plan and the Declaration From Their Proposed Notice Administrator.

Plaintiffs attempt to trivialize their failure to obtain Nikola's stock Transfer List

during discovery by arguing that the Transfer List is unimportant because it "is only directly relevant for the purposes of notice to the small number of investors whose identities are known to the corporate defendant directly," and that it would only show "less than 2% of the total population of class members." (Opp. at p. 10).  These assertions are incorrect and misleading because they are based on inadmissible speculation, and ignore that Nikola's Transfer List contains both individual purchasers of stock, <u>and</u> the street name purchasers (i.e., the nominees, such as brokerages) who purchase and hold stock for the beneficial interest of others.  Nikola's Transfer List is the best and most reliable source to obtain an **actual list** of both the individuals and the "street name" nominees who need to be provided notice in order to ensure that all of the class members receive the individual notice that is required under Rule 23.  Plaintiffs have not cited any authority to support their argument that appropriate individual notice to the class can be provided in a securities case by using an undisclosed "proprietary list" of potential nominees instead of the actual list of individuals and nominees contained in a Transfer List.

Plaintiffs' proposed notice plan (Dkt. 296-6) recognizes the critical importance of obtaining the Transfer List from Nikola's transfer agent to provide appropriate notice to the Class.  It acknowledges that the Transfer List contains "the names and addresses of all persons who purchased or otherwise acquired Nikola securities at any time during the Class Period," (Dkt. 296-6 at p. 2), and requests permission from the Court to issue a belated subpoena to Nikola's transfer agent to obtain the Transfer List so that the proposed notice administrator can use it to mail notice to both individuals and the nominee purchasers of Nikola's stock. (*See id.* at p. 3, ¶ 4).  Plaintiffs' proposed notice plan does not mention

using an undisclosed "proprietary list" maintained by the notice administrator to provide notice to nominee stockholders in lieu of the Transfer List which contains the actual information.  (*See id.*).

Similarly, the Mulholland declaration that Plaintiffs submitted recognizes that Transfer Lists are the standard information used to provide notice to the class "in the vast majority of securities class actions that SCS has administered." (Dkt. 296-6 at p. 6, ¶ 7). Mulholland suggests that SCS plans to *additionally* send notice to a proprietary list of potential nominee stockholders that it maintains, (*see* Dkt. 296-6 at p. 5, ¶ 4 and p. 7, ¶ 10), but he does not present this as the primary method by which notice can or should be provided to the class, and he fails to establish that this undisclosed proprietary list is an accurate or reliable substitute for using the actual Transfer List.  Instead, he offers only conclusory and unsupported assertions that he believes the undisclosed proprietary list contains the names of institutions which "represent a significant majority of the beneficial holders of the securities in **most** class actions involving publicly traded companies."  Dkt. 296-6 at p. 8, ¶ 10 (emphasis added).   Plaintiffs have failed to provide this purported proprietary list to Milton or the Court, so it is impossible to evaluate it to determine whether it contains the correct information.  Mulholland himself acknowledges that this list may not contain an accurate list of the actual nominee holders of Nikola's stock.  The only way to verify the actual identities of the individual and nominee holders of Nikola's stock so that appropriate individual notice can be provided to the class is to obtain the Transfer List.

### III.    Plaintiffs Were Responsible to Obtain the Transfer List During Discovery in Compliance with the Court's Scheduling Order, But Failed to Do So.

Plaintiffs attempt to excuse their failure to obtain Nikola's Transfer List during

discovery by arguing that issuing a subpoena to obtain the Transfer List is "not discovery," (Opp. at p. 5), that "[c]ourts routinely approve notice plans in securities class actions that call for the transfer list to be provided to a notice administrator *after the close of fact discovery* without controversy," (Opp. at p. 8), and by presenting various excuses for why Plaintiffs made no effort to obtain the Transfer List before the June 20, 2025 deadline. (Opp. at pp. 5-6, 10-11). These arguments are not well-taken, and they do not establish good cause for Plaintiffs' failure to comply with the Court's Case Management Order.

**A**. **Serving a Subpoena to Obtain the Transfer List is Discovery**.

By definition, seeking documents through a Rule 45 subpoena is discovery. To remove any doubt, the Court entered a Case Management Order over 18 months ago making clear that the discovery deadline includes the deadline for service of subpoenas for documents. (*See* Dkt. 173 p. 2 n.1).

This Court and other courts have concluded that Plaintiff's task of identifying class members is discovery. *See, e.g., Perez v. First Am. Title Ins. Co.,* No. CV-08-1184-PHX-DGC*,* 2010 WL 4824082, at *3 (D. Ariz. Nov. 22, 2010) ("Plaintiffs had more than a year to conduct discovery, but did not do the work necessary to 'identify [all] individuals who are eligible for discounts and did not receive them. That work could have been accomplished with reasonable efforts…."); *Chevalier v. Baird Sav. Ass'n*, 72 F.R.D. 140, 148 (E.D. Penn. 1976) ("[W]e agree with plaintiffs that the names of the class members are discoverable. Quite clearly they fall within the ambit of rules 34 and 26(b) of the Federal Rules of Civil Procedure."). Indeed, notice to the class must be provided to class members "promptly" after the class is certified, which of necessity means that plaintiffs

must also **promptly** conduct the discovery necessary to identify absentee class members so that notice can be provided to them. *See, e.g., Stoffels ex rel. SBC Telephone Concession Plan v. SBC Comms, Inc.*, 254 F.R.D. 294, 297 (W.D. Tex. 2008) ("[N]otice to class members should be given promptly after the certification order is issued"); *Tylka v. Gerber Products Co.*, 182 F.R.D. 573, 579 (N.D. Ill. 1998) ("[N]otice is generally issued promptly after certification.").

### C. Stipulations by Parties in Other Cases Do Not Establish that Courts Routinely Allow Plaintiffs To Conduct the Discovery Necessary to Identify the Class After Discovery Has Closed.

Plaintiffs submitted various irrelevant orders approving class notice in other cases which were either stipulated to by the parties, or uncontested. *See* Dkt. 299, Ex. A-H. These orders have no value in determining whether it is appropriate for a plaintiff to disregard a Court's scheduling order and conduct discovery into the identities of the absentee members of the class after discovery has closed. To the contrary, the *Perez* case shows that Courts in this district enforce their scheduling orders, as this Court cautioned Plaintiffs it intended to do in its Case Management Order. (Dkt. 172 p. 8) ("[t]he parties are advised that the Court intends to enforce the deadlines and guidelines set forth in this Order, and they should plan their litigation activities accordingly.")

### D. Plaintiffs' Excuses for Failing to Obtain the Transfer List During Discovery Are Unpersuasive, and do not Establish Good Cause to Re-Open Discovery.

Plaintiffs offer several unpersuasive excuses for their failure to obtain the Transfer List during discovery. First, they claim they reached a potential settlement with the other Defendants besides Milton, and "determined that it was in the best interest of the class to conserve resources by sending a single, consolidated notice" after this settlement was

approved.  (Opp. at p. 5).  Plaintiffs' desire to save money is not a valid justification for disregarding the Court's Case Management Order, and it does not explain why Plaintiffs failed to issue a subpoena to obtain the Transfer List during discovery when they easily could have done so, and it was necessary to obtain the Transfer List even if they intended to send a single, consolidated notice at a later time.

Plaintiffs also attempt to blame their failure on Nikola's bankruptcy, which they in turn attempt to blame on Milton.  (Opp. at p. 10).  Through this extraordinary display of mental gymnastics, Plaintiffs assert that it is actually Milton's fault that they failed to exert the minimal effort required to issue a subpoena to Nikola's transfer agent (a third party not involved in the bankruptcy) to obtain the Transfer List during discovery.  These arguments should be rejected as specious and improper *ad hominem* attacks against Milton.

## **CONCLUSION**

For the foregoing reasons, and those stated in the Motion, Milton requests the Court enter an order decertifying the class with respect to class members who cannot be provided individual notice as required by Rule 23(c)(2)(B).  Full decertification of the class may be warranted as a result of Plaintiffs' failure to conduct the discovery necessary to provide appropriate individual notice to any of the absentee class members, as this failure demonstrates Plaintiffs' inability to protect the absentee class members' interest.  *See Sheinberg v. Sorensen,* 2007 WL 496872, at *2 (D.N.J. Feb. 8, 2007)).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DATED October 2, 2025.

HATCH LAW GROUP PC
By:  /s/ Adam M. Pace
Brent O. Hatch (*pro hac vice*)
Adam M. Pace (*pro hac vice*)
Tyler V. Snow (*pro hac vice*)
22 E. 100 S., Suite 400
Salt Lake City, UT 84111
(801) 869-1919

WALLIN HESTER PLC
Troy A. Wallin (No. 023522)
Chad A. Hester (No. 022894)
1760 E. Pecos Rd. #332
Gilbert, AZ 85295
(480) 240-4150

*Attorneys for Defendant Trevor Milton*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

I hereby certify that on October 2, 2025, this document was electronically transmitted to the Clerk of the Court using the CM/ECF System which will send notification of such filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

*/s/ Adam M. Pace*