**HATCH LAW GROUP PC**
Brent O. Hatch (*pro hac vice*)
Adam M. Pace (*pro hac vice*)
Tyler V. Snow (*pro hac vice*)
22 E. 100 S., Suite 400
Salt Lake City, UT 84111
(801) 869-1919
hatch@hatchpc.com
pace@hatchpc.com
snow@hatchpc.com

**WALLIN HESTER, PLC**
Troy A. Wallin (No. 023522)
Chad A. Hester (No. 022894)
1760 E. Pecos Rd., #332
Gilbert, AZ 85295
(480) 240-4150
TWallin@wallinhester.com
C.Hester@wallinhester.com
*Attorneys for Defendant Trevor Milton*

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Borteanu, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>Nikola Corporation; Trevor Milton; Mark A. Russell; Kim J. Brady; Britton M. Worthen; Steve Girsky; Steven Shindler; and Jeffrey Ubben,<br><br>Defendants. | No. CV-20-01797-PHX-SPL<br>No. CV-20-01819-PHX-DIR (cons.)<br>No. CV-20-02123-PHX-JJT (cons.)<br>No. CV-20-02168-PHX-DLR (cons.)<br>No. CV-20-02237-PHX-DLR (cons.)<br>No. CV-20-02374-PHX-DWL (cons.)<br><br>**OPPOSITION TO PLAINTIFFS' MOTION FOR APPROVAL OF PROPOSED NOTICE TO CLASS MEMBERS OF THE PENDENCY OF CLASS ACTION** |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## INTRODUCTION

Plaintiffs' Motion for Approval of Proposed Notice to Class Members of the Pendency of the Action (Dkt. 296, the "Motion") should be denied for three reasons:

*First*, Plaintiffs' proposed notice plan (the "Notice Plan") relies on the Court excusing Plaintiffs' failure to comply with the Case Management Order, and re-opening discovery to allow them to issue a belated subpoena to Nikola's transfer agent to obtain Nikola's stock Transfer List.  The Court should not allow this because Plaintiffs have not established good cause for their lack of diligence during discovery.  Milton has filed a separate motion to partially decertify the class based on this failure, and Plaintiffs' resulting inability to provide appropriate individual notice to the class.  Dkt. 291 and Dkt. 304.

*Second*, to the extent that Plaintiffs are arguing that they should be allowed to issue notice to the class using an undisclosed proprietary list of potential nominee stockholders, this request should be denied.  Plaintiffs have not produced the proprietary list to either Milton or the Court for examination, and it is not an appropriate or sufficient substitute for Plaintiffs to attempt to guess who the class members are by using this list, instead of exercising reasonable diligence during discovery to obtain Nikola's Transfer List, which would identify the actual individual and nominee purchasers of Nikola's stock.

Third, the Notice Plan improperly proposes to shift some of the costs of the notice process onto Defendants.

## STATEMENT OF FACTS

Plaintiffs undertook no efforts to identify <u>any</u> absentee members of the class during the five months between January 6, 2025, when the class was certified, and June 20, 2025

when the deadline to serve subpoenas and complete discovery in this matter expired. (Dkt. 291 at p. 2-4). Plaintiffs acknowledge they did not do so. (*See* Dkt. 298 at pp. 1-2).

Plaintiffs misrepresent the meet and confer discussion with Milton's counsel on September 10, 2025. During that call, Milton's counsel informed Plaintiffs that he had concerns about the timing and appropriateness of Plaintiffs' proposal to issue a belated subpoena to Nikola's transfer agent to obtain the Transfer List, when the Court's deadline to issue subpoenas and complete discovery had expired months ago on June 20, 2025. (Dkt. 304-1). Milton asked Plaintiffs to explain why the subpoena hadn't been served earlier, whether there was any justification for waiting to attempt to serve it until now, and whether Plaintiffs had done anything during discovery to discover the identities of the class members so that individual notice could be provided to them. (*Id.)* Plaintiffs' counsel became very defensive and refused to answer these questions, stating words to the effect that he would not answer any questions that Milton might try to use against him in a motion, and that there was nothing further to discuss if Milton would not stipulate to their proposed notice plan. Milton's counsel also attempted to discuss his objection to Plaintiffs' proposal that Defendants bear a portion of the costs for their proposed notice plan, but this discussion was unproductive. (*Id.*)

## OBJECTIONS TO EVIDENCE IN PLAINTIFFS' MOTION

Pursuant to LRCiv 7.2(m)(2), Milton objects to the admissibility of the following evidence offered in Plaintiffs' Motion:

***Declaration of Jeffrey Block (Dkt. 296-1).*** Block's statements in paragraph 10 of his declaration about the meet and confer conversation between Milton and Plaintiffs'

counsel on September 10, 2025 are inadmissible hearsay under FRE 602 because Block did not participate in that conversation and he lacks personal knowledge of what was said.

*Declaration of Paul Mulholland (Dkt. 296-5).* Mulholland's declaration is inadmissible under FRE 602, 702, and 1002. He was not designated as an expert by Plaintiffs and did not provide any expert report in this matter, but his declaration improperly offers an array of unsupported and conclusory expert opinion testimony regarding what happens in the "vast majority" of securities cases, ¶¶ 7-8; among a "majority" of potential class members, ¶ 9; what a class "typically" consists of, ¶ 8; how the "vast majority" of investors hold their securities, ¶¶ 8, 16; how the "majority" of potential class members who are beneficiaries are reached, ¶ 9; and the percentage of Nikola's stockholders that he estimates would receive notice using SCS's proprietary list of potential nominees (which has not been produced) instead of Nikola's actual transfer list, ¶ 14. These are all inadmissible statements because: (1) they are unfounded, speculative, and lack foundation (FRE 602); and (2) they are purported expert opinions that do not satisfy the requirements for admissibility and were not designated or disclosed by Plaintiffs as required under FRE 702 and the Court's scheduling order. Further, all of Mulholland's statements regarding the "proprietary list" of potential nominee stockholders and what it would show are inadmissible under FRE 1002 because Plaintiffs have not produced this list for evaluation to Defendants or the Court.

## ARGUMENT

### I. The Court Should Not Excuse Plaintiffs' Failure to Comply with the Case Management Order.

Plaintiffs cannot execute the Notice Plan they are proposing unless the Court

excuses their failure to comply with the Case Management Order and re-opens discovery to allow them to issue a belated subpoena to Nikola's stock transfer agent to obtain the Transfer List.[1]  The Court should not allow this because Plaintiffs have failed to show good cause for their failure. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.")

Plaintiffs' lack of diligence during discovery and delay in initiating the class notice process until now has created the present situation where Plaintiffs lack the information necessary to provide appropriate individual notice to the class, and they cannot obtain it unless the Court allows them to start the work they should have completed four months ago, thereby causing significant disruption and delay to the pending schedule for dispositive motions and progression of the case.   The significance of this delay is apparent from the blank lines for the exclusion dates in the proposed Notice Plan (*see* Dkt. 296-2 at p. 2; Dkt. 296-4 at p. 4), which Plaintiffs are unable to provide because they do not know how long it will take to obtain the Transfer List by subpoena, process the information in the Transfer List when they receive it (assuming no objections from the transfer agent), and begin to issue the proposed notice.

Milton has addressed this issue at length in the briefing on his separately filed motion to partially decertify class, which is incorporated here by reference.  (Dkt. 291 at

---

[1] The Transfer List contains "the names and addresses of all persons who purchased or otherwise acquired Nikola securities at any time during the Class Period." (Dkt. 296-6 at p. 2); *see also* 1 McLaughlin on Class Actions § 5:80 (21st ed.)/Dkt. 304-2 ("In securities actions, the notice process typically begins with review of stock transfer records maintained by the issuer's stock transfer agent, which tracks transfer of the issuer's stock from one name to another.").

pp. 1-8 and Dkt. 304 at pp. 1-11).   In summary, the Court established a clear and unambiguous deadline of June 20, 2025 for Plaintiffs to complete all discovery, including the issuance of all subpoenas. Dkt. 291 at pp. 2-3.  The Court expressly warned the parties in its Case Management Order that it intends to enforce the deadlines and that they should plan their litigation activities accordingly. *Id.* at p. 3. This Court and other courts have held that Plaintiffs' task of identifying class members is discovery.  Dkt. 304 at p. 9.

Plaintiffs had ample time in the five months between January 6, 2025 when the class was certified and the June 20, 2025 deadline to obtain Nikola's Transfer List, either through issuing a discovery request to Nikola before it declared bankruptcy in March, or by issuing a subpoena to Nikola's stock transfer agent (a third-party not involved in the bankruptcy) at any time.  Plaintiffs inexplicably made no effort whatsoever to obtain the Transfer List. The excuses Plaintiffs offer for this failure are unpersuasive—there was nothing stopping them from exerting the minimal effort it would have taken to issue a subpoena to Nikola's transfer agent to obtain the Transfer List, and they knew that they needed the Transfer List to provide notice to the class, regardless of any plans they may have had to save money by issuing a single consolidated notice at a later date.  Dkt. 304 at p. 10-11.

Plaintiffs have cited and submitted various irrelevant orders approving notice plans in other cases which were either stipulated to by the parties, or uncontested.  Dkt. 296 at p. 3; Dkt. 299, Ex. A-H.  These orders do not support Plaintiffs' denial of their responsibility to obtain the Transfer List, and they have no value in determining whether it is appropriate for Plaintiffs to disregard this Court's Case Management Order and conduct discovery into the identities of absentee class members of the class after discovery has closed.  To the

contrary, the *Perez* case shows that Courts in this district enforce their scheduling orders, as this Court cautioned Plaintiffs it intended to do, even if that means decertifying a class based on the plaintiffs' failure to conduct the discovery necessary to issue notice.  Dkt. 304 at p. 10; *Perez v. First Am. Title Ins. Co.,* No. CV-08-1184-PHX-DGC, 2010 WL 4824082, at *3 (D. Ariz. Nov. 22, 2010).

## II.    Appropriate Individual Notice To The Class Cannot Be Provided Using An Undisclosed Proprietary List of Potential Nominee Stockholders.

Milton incorporates by reference the briefing on his motion to partially decertify class which explains in detail why the Transfer List is required to provide appropriate individual notice to the class, and how Plaintiffs' arguments that attempt to downplay and trivialize the importance of the Transfer List are misleading and contradict their own proposed Notice Plan and the declaration from their proposed notice administrator.  (Dkt. 304 at pp. 5-8).  In summary, Plaintiffs' assertion that the Transfer List "is only relevant to a small number of investors" is incorrect and misleading, because it is based on inadmissible speculation, and it ignores that the Transfer List contains both individual purchasers of stock <u>and</u> the "street name" purchasers (i.e., the nominees, such as brokerages) who purchase and hold stock for the beneficial interest of others.  Dkt. 304 at pp. 5-7.  The Transfer List is the best and most reliable source to obtain an **actual** list of both the individual and the nominee purchasers of Nikola's stock who need to be provided notice so that the class receives the individual notice required under Rule 23.  *Id.* at pp. 5-7; *see* 1 McLaughlin on Class Actions § 5:80 (21ˢᵗ ed.)/Dkt. 304-2 ("**The notice typically will be sent to all individuals or entities who appear on the stock transfer agent records**, and the notice will 'contain a section directing nominees to either provide the claims

administrator with the names and addresses of the beneficial owners whose stock they hold so that the claims administrator can mail the notice to the stockholders directly, or to forward the notice if the nominee chooses to send notification directly to their own clients.'") (emphasis added).

Plaintiffs' proposed order approving the Notice Plan recognizes the critical importance of obtaining the Transfer List and using it to direct notice to both individual and nominee stockholders. (Dkt. 296-6).  It does not mention using the undisclosed "proprietary list" maintained by the proposed notice administrator to provide notice to the nominees in lieu of the Transfer List which contains the actual information.  (Dkt. 304 at pp. 7-8).  Further, the declaration that Plaintiffs submitted from their proposed notice administrator recognizes that Transfer Lists are the standard information used to provide notice to the class, and although he says that he plans to *additionally* send notice to a proprietary list of potential nominee stockholders, he does not present this as the primary method by which notice can or should be provided to the class, and he fails to establish that this undisclosed proprietary list is an accurate or reliable substitute for using the actual Transfer List. (*Id.* at p. 8).

The Court should therefore reject Plaintiffs' argument that they can provide appropriate individual notice to the class that satisfies Rule 23 without the Transfer List. It is not an appropriate or sufficient substitute for Plaintiffs to attempt to guess who the class members are by using an undisclosed proprietary list of potential nominee stockholders in lieu of the Transfer List which would identify the actual individual and nominee purchasers of Nikola's stock. Plaintiffs have failed to provide the proprietary list

to Milton or the Court, so it is impossible to evaluate whether it contains the correct information, and Mulholland himself acknowledges that it may not contain an accurate list. (*Id.*)

## III.    The Notice Plan Improperly Seeks to Shift Costs to Defendants

Plaintiffs improperly propose that Defendants should bear a portion of the costs of providing notice to the class in paragraph 13 of their proposed order, which states: "[e]xcept for the costs associated with obtaining and producing Nikola's transfer list, the costs of the notice process shall be borne by Lead Plaintiff, and not by Defendants." *See* Dkt. 296-6 at p. 5, ¶ 13.  This proposal is contrary to law because Plaintiffs are required to bear the cost of notice to members of the class.  *See, e.g., Eisen v. Carlisle and Jacquelin*, 417 U.S. 156, 177 ("We also agree with the Court of Appeals that petitioner must bear the cost of notice to members of his class.").   Milton raised this objection to Plaintiffs in the Sept. 10, 2025 meet and confer call and asked them to change this language to indicate that Plaintiffs will bear all of the costs of the notice process, but they have refused to do so.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion and proposed notice plan should be denied.

1       DATED October 3, 2025.

2

3                                   HATCH LAW GROUP PC

By:  */s/ Adam M. Pace*

Brent O. Hatch (*pro hac vice*)

4                                   Adam M. Pace (*pro hac vice*)

5                                   Tyler V. Snow (*pro hac vice*)

22 E. 100 S., Suite 400

6                                   Salt Lake City, UT 84111

7                                   (801) 869-1919

8                                   WALLIN HESTER PLC

9                                   Troy A. Wallin (No. 023522)

Chad A. Hester (No. 022894)

10                                  1760 E. Pecos Rd. #332

Gilbert, AZ 85295

11                                 (480) 240-4150

12                                   *Attorneys for Defendant Trevor Milton*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2

3

I hereby certify that on October 3, 2025, this document was electronically

4

transmitted to the Clerk of the Court using the CM/ECF System which will send

5

notification of such filing and transmittal of a Notice of Electronic Filing to all CM/ECF

6

registrants.

7

                    */s/ Adam M. Pace*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28