**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Borteanu, et al.,<br><br>               Plaintiffs,<br><br>vs.<br><br>Nikola Corporation, et al.,<br><br>               Defendants. | No. CV-20-01797-PHX-SPL<br><br>No. CV-20-01819-PHX-SPL (cons.)<br>No. CV-20-02123-PHX-SPL (cons.)<br>No. CV-20-02237-PHX-SPL (cons.)<br>No. CV-20-02374-PHX-SPL (cons.)<br><br>**ORDER** |

Before the Court is Defendant Trevor R. Milton's Motion to Partially Decertify Class (Doc. 291) and Lead Plaintiffs and Certified Class Representatives George Mersho and Vincent Chau's Motion for Approval of Proposed Notice to Class Members of the Pendency of Class Action (Doc. 296). Both Motions surround the sufficiency of Lead Plaintiffs' proposed notice to the class. For the following reasons, Plaintiffs' Motion to approve class notice is granted, and Defendant's Motion to Partially Decertify Class is denied.

**I.   BACKGROUND**

On January 6, 2025, the Court certified this matter as a class action pursuant to Federal Rule of Civil Procedure 23(b)(3) on behalf of:

> all those who purchased or otherwise acquired Nikola Corporation securities during the period June 4, 2020 through February 25, 2021, and were damaged upon the revelation of the alleged corrective disclosures. Excluded from the Class are: (i) Defendants; (ii) members of the immediate family of any Defendant who is an individual; (iii) any person who was an officer or director of Nikola during the Class Period; (iv) any

> firm, trust, corporation, or other entity in which any Defendant has or had a controlling interest; (v) Nikola's employee retirement and benefit plan(s) and their participants or beneficiaries, to the extent they made purchases through such plan(s); and (vi) the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded person.

(Doc. 224 at 27.)

On August 22, 2025, Plaintiffs emailed the proposed class notice to defense counsel. (Doc. 291 at 2; Doc. 296-1 at 2.) Defendant Trevor Milton ("Defendant") then filed the Motion to Partially Decertify the Class on September 11, 2025. (*Id.*) On September 19, 2025, Plaintiffs filed a Motion for Approval of the proposed class notice. (Doc. 296.) Both Motions are fully briefed. (Docs. 291, 298, 304, 296, 305, 306.) Defendant's Motion to Partially Decertify the class does not challenge the composition of the class or the proposed notice forms. (*See* Doc. 291.) Defendant asserts that Plaintiffs should have "conducted the discovery necessary to discover the identities of the class members so that individual notice [could have been] provided to them before discovery expired on June 20, 2025." (*Id.* at 8.) He argues that now, Plaintiffs should be required to provide notice to any class members whom they have identified, if any, and the class should be decertified as to all the members who could not be identified before the dispositive motion deadline. (*Id.*)

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 23(c)(2)(B) provides that "[f]or any class certified under Rule 23(b)(3) . . . the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." *See Bruno v. Quten Rsch. Inst., LLC*, No. SACV-11-00173 DOC (Ex), 2012 WL 12886843, at *1 (C.D. Cal. July 16, 2012) ("Notice plans are not expected to reach every class member; Rule 23 requires the best notice 'practicable,' not perfect notice."). Furthermore, the notice "must clearly and concisely state in plain, easily understood language" the following:

> (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and

        manner for requesting exclusion; and (vii) the binding effect of
        a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B). The purpose of these requirements is to ensure that the notice is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)). However, actual receipt of notice is not required. *Id.* Furthermore, the notice may be delivered via "United States mail, electronic means, or other appropriate means." Fed. R. Civ. P. 23(c)(2)(B). "District courts have 'broad power and discretion vested in them by [Rule 23]' in determining the parameters of appropriate class notice." *Chinitz v. Intero Real Est. Servs.*, No. 18-CV-05623-BLF, 2020 WL 7042871, at *2 (N.D. Cal. Dec. 1, 2020) (alteration in original) (quoting *Reiter v. Sonotone Corp.*, 442 U.S. 330, 345 (1979)).

### III.  DISCUSSION

Plaintiffs ask the Court to approve: (1) the Postcard Notice, (2) the Long-Form Notice, (3) the Summary Notice of Pendency of Class Action, (4) the selection of Strategic Claims Services as the Notice Administrator, and (5) the Notice Plan. (Doc. 296 at 9–10.)

#### A. Notice Forms

Defendant raises no objections against the language or content of the notices. (*See* Doc. 305.) Additionally, the other Defendants have stipulated to the notice forms. (Doc. 296-1 at 2.) Upon reviewing the Postcard Notice (Doc. 296-2), the Summary Notice (Doc. 296-3), and the Long-Form Notice (Doc. 296-4), the Court finds that all the Rule 23 requirements are met. The notice forms "clearly and concisely" convey the information outlined in Rule 23(c)(2)(B).[1] Therefore, the Court will grant Plaintiffs' request to approve

---

[1] The Postcard Notice and Summary Notice do not include language stating that a class member may enter an appearance through an attorney if the member so desires. (Docs. 296-2, 296-3.) These notices are still sufficient because they point recipients to the website with the Long-Form Notice for more information and provide a phone number recipients may call with questions. *See Brown v. DIRECTV, LLC*, No. CV 13-1170-DMG (Ex), 2020 WL 4810994, at *2 n.1 (C.D. Cal. July 23, 2020) ("While the postcard document does not

the three notice forms.

### B. Notice Plan

Strategic Claims Services ("SCS") will carry out the notice plan, and the Court will approve the appointment of SCS as the notice administrator. *See Baron v. HyreCar Inc.*, 2:21-cv-06918-FWS-JC, 2024 WL 3504234, at *17 (C.D. Cal. July 19, 2024) (stating that "SCS has extensive experience administering class action settlements" and is routinely approved as an administrator). To identify class members, Plaintiffs will subpoena Nikola's Transfer Agent, Continental Stock Transfer & Trust Company, to obtain a list of the names and addresses of all persons who acquired Nikola securities during the class period. (Doc. 296-6 at 2.) SCS will then send the Postcard Notice to those on the transfer list. (*Id.* at 3.) To identify other class members, SCS will send the Long-Form Notice to nominee purchasers like brokerage firms and banks who may have purchased securities for the beneficial interest of other persons and entities, instructing those nominee purchasers to provide SCS with contact information for potential class members or to transmit the notice to the class members themselves. (*Id.* at 3–4.) Class counsel will also publish the Long-Form Notice on a website and transmit the Summary Notice via *PR Newswire*.

Defendant challenges the plan for several reasons. (Doc. 305 at 2.) First, Defendant opposes the plan to the extent that it will be executed after the close of discovery. (*Id.*) Second, he asks the Court to prevent Plaintiffs from using an "undisclosed proprietary list of potential nominee stockholders" to identify potential class members. (*Id.*) Third, he argues that the plan improperly shifts costs to Defendants. (*Id.*) The other Defendants have stipulated to the notice plan. (Doc. 296-1 at 2.)

As to Defendant's overarching opposition to the timing of the notice plan, the Court finds that the notice plan does not conflict with the Court's scheduling order. There are no

---

contain all of this information on its face, it clearly directs recipients to the class action website, where the long-form notice document will be available."); *Sparkman v. Comerica Bank*, No. 2:24-cv-01206-DJC-CKD, 2025 WL 1192411, at *2 (E.D. Cal. April 24, 2025) (noting that the email and Postcard Notice contain "much of the relevant information," and direct recipients to the Long-Form Notice on the website).

4

standard timelines for class notice, and there is no authority indicating that the process must be completed before the close of discovery. Instead, Rule 23(c)(2)(B) provides that notice must be directed to class members in a way that is "practicable under the circumstances" through "reasonable effort." Fed. R. Civ. P. 23(c)(2)(B); *Perez v. First. Am. Title Ins. Co.*, No. CV-08-1184-PHX-DGC, 2010 WL 4824082, at *2 (D. Ariz. Nov. 22, 2010). Here, the timing of Plaintiffs' proposed notice plan does not reflect a lack of reasonable effort. The process was delayed by settlement negotiations, and the subsequent breakdown of that settlement. *Cf. Perez*, 2010 WL 4824082 at *3 (declining to extend the deadline for sending notice to class members "given that Plaintiffs [had] not acted with reasonable diligence in discovering the identities of members of the class").

Defendant also asserts that notice must be provided before the dispositive motion deadline, which passed on November 3, 2025. (Doc. 291 at 2–3.) Notice must be provided so that "class members have the opportunity to opt out and avoid being bound by the disposition of the case." *Besinga v. United States*, 923 F.3d 133, 137 (9th Cir. 1991). The fact that notice will be provided while summary judgment briefing is ongoing does not render the notice plan deficient. *See Novoa v. GEO Grp., Inc.*, No. EDCV 17-2514 JGB (SHKx), 2020 WL 6694349, at *5 (C.D. Cal. Sept. 14, 2020) (approving a class notice plan when "the opt out period would be completed on or after the [summary judgment] deadline"). To protect class members' ability to opt out, the Court will defer ruling on the Motions for Summary Judgment until after the opt-out deadline provided in this Order.

Defendant next objects to SCS's use of "an undisclosed proprietary list of potential nominee stockholders" because it has not been disclosed to Defendant or the Court for examination. (Doc. 305 at 2.)[2] Aside from the evidentiary objection, Defendant provides

---

[2] Defendant argues that SCS President Paul Mulholland's statements in his declaration (Doc. 296-5) regarding the proprietary list of nominee purchasers are inadmissible under Federal Rule of Evidence ("FRE") 1002. (Doc. 291 at 4.) FRE 1002, or the Best Evidence Rule, requires that "an original writing, recording, or photograph" be used "to prove its content." That Rule does not bear on the notice administrator's efforts to identify class members through nominee purchasers. Defendant also asserts that the

no authority for the argument that Plaintiffs must provide this list to Defendants or the Court before sending notices. (*See* Docs. 291, 304, 305.) In securities class actions, Courts find that similar notice plans, whereby class members are identified and receive notice through nominee purchasers, provide the best notice practicable under the circumstances. *See, e.g.*, *Pardi v. Tricida, Inc.*, No. 21-cv-00076-HSG, 2025 WL 1647162, at *9 (N.D. Cal. May 16, 2025); *Nacif v. Athira Pharma, Inc.*, C21-0861 TSZ, 2024 WL 643513, at *10 (W.D. Wash. Feb. 15, 2024); *Cheng Jiangchen v. Rentech, Inc.*, No. CV 17-1490-GW(FFMx), 2019 WL 5173771, at *8 (C.D. Cal. Oct. 10, 2019). Here, the Court finds SCS's process for identifying class members through nominee purchasers such as brokerage firms and banks to be "practicable under the circumstances." Fed. R. Civ. P. 23(c)(2)(B).

Finally, Defendant argues that the notice plan improperly shifts costs to Defendants, because Plaintiffs' proposed order states that all costs of the notice process will be paid by Plaintiffs "[e]xcept for the costs associated with obtaining and producing Nikola's Transfer List." (Doc. 305 at 9 (citing Doc. 296-6 at 5).) Plaintiffs clarify in their Reply that Defendant will not bear costs, and the language in the proposed order "is intended only to account for the possibility that the Transfer List diverts a modicum of staff time." (Doc. 306 at 7.) Plaintiffs state that they will pay any costs to the Transfer Agent. (*Id.*) No costs will be improperly shifted to Defendant. For all these reasons, the Court rejects Defendant's arguments regarding the deficiency of the notice plan and finds that the notice plan meets the requirements of Rule 23.

## IV.   CONCLUSION

The Court finds that the notice forms and notice plan meet the requirements of Rule 23. Therefore, the Court will grant Plaintiffs' Motion for Approval of Proposed Notice to

---

declaration constitutes inadmissible expert testimony because Mr. Mulholland was not designated as an expert. (*Id.*) The Court's Rule 26 expert disclosure deadline applies to expert testimony at trial, not to any declarations associated with this briefing. *See Chinitz*, 2020 WL 7042871, at *2.

Class Members (Doc. 296) and deny Defendant Milton's Motion to Partially Decertify Class (Doc. 291).

Accordingly,

**IT IS ORDERED** that Defendant Trevor Milton's Motion to Partially Decertify Class (Doc. 291) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Approval of Proposed Notice to Class Members of the Pendency of Class Action (Doc. 296) is **granted as modified**.

**IT IS FURTHER ORDERED** that Strategic Claims Services is appointed and authorized to supervise and administer the notice procedure.

**IT IS FURTHER ORDERED** that Lead Plaintiffs must serve a subpoena to Continental Stock Transfer & Trust Company, Nikola's Transfer Agent, **within seven (7) days of the date of this Order**. The subpoena is authorized to obtain a list of the names and addresses of all persons who purchased Nikola securities during the class period (the "Transfer List").

**IT IS FURTHER ORDERED** that SCS, the Notice Administrator, shall send out Postcard Notices to each person or entity identified on the Transfer List **within thirty (30) days of the date of this Order**.

**IT IS FURTHER ORDERED** that SCS shall send the Long-Form Notices to nominee purchasers **within seven (7) days of the date of this Order**. The nominee purchasers shall either send SCS contact information and names of the beneficial owners or elect to send the Postcard Notice or website link themselves.

**IT IS FURTHER ORDERED** that SCS shall make reasonable efforts to ensure that beneficial owners have been notified, whether through the nominee purchasers or through SCS, **within thirty (30) days of the date of this Order**.

**IT IS FURTHER ORDERED** that Class Counsel or SCS shall establish the website, www.strategicclaims.net/Nikola **within thirty (30) days of the date of this Order.** The website shall include the Postcard Notice, Summary Notice, and Long-Form

Notice as well as the operative Complaint, and the Court's Order certifying the Class. Class Counsel shall also post the notices on their websites.

**IT IS FURTHER ORDERED** that SCS shall transmit the summary notice via *PR Newswire* **within thirty (30) days of the date of this Order**.

**IT IS FURTHER ORDERED** that the deadline for exclusion from the Class is **ninety (90) days** from the date of this Order, allowing for a sixty (60) days opt-out period.

**IT IS FURTHER ORDERED** that within **ten (10) days** after the period allowed for Class Members to request exclusion has expired, Class Counsel shall promptly file all such requests for exclusion with the Court and serve copies of the same on all parties.

**IT IS FURTHER ORDERED** that the costs of the Notice process shall be borne by Class Counsel.

**IT IS FINALLY ORDERED** that summary judgment briefing is now ongoing. The Court will defer ruling on the Motions for Summary Judgment until the deadline for exclusion from the Class has passed.

Dated this 24th day of November, 2025.

_____
Judge Michael T. Liburdi for Judge Steven P. Logan
United States District Judge