Geoffrey M.T. Sturr, No. 014063
Travis C. Hunt, No. 035491
Allie Karpurk, No. 037029
OSBORN MALEDON, P.A.
2929 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2838
(602) 640-9000
gsturr@omlaw.com
thunt@omlaw.com
akarpurk@omlaw.com

Attorneys for Defendants
Mark A. Russell and Kim J. Brady

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Borteanu, Individually and on Behalf of all Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>Nikola Corporation, et al.<br><br>Defendants. | No. 2:20-cv-01797-PHX-SPL<br>    2:20-cv-01819-PHX- (cons.)<br>    2:20-cv-02123-PHX-JJT (cons.)<br>    2:20-cv-02168-PHX-DLR (cons.)<br>    2:20-cv-02237-PHX-DLR (cons.)<br>    2:20-cv-02374-PHX-DWL (cons.)<br><br>**DEFENDANTS MARK A. RUSSELL AND KIM J. BRADY'S RESPONSE TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Defendants Mark A. Russell and Kim J. Brady hereby respond to Plaintiffs' Motion for Partial Summary Judgment.

## I.     Introduction

Plaintiffs' Motion for Partial Summary Judgment seeks to rely on collateral estoppel based on criminal, arbitration, and bankruptcy proceedings involving only Trevor Milton—not Mark Russell or Kim Brady—which have no preclusive effect on these Defendants. Plaintiffs then attempt to invoke the *Basic Inc. v. Levinson*, 485 U.S. 224 (1988) fraud-on-the-market presumption for all Defendants, again based on asserted materiality findings in the prior proceedings involving only Mr. Milton, even though they

1   have consistently failed to show that any statement or conduct by Mr. Russell or Mr.
2   Brady was false, material, or had price impact. That is not how the *Basic* presumption
3   works—particularly in a multi-defendant case with multiple claims and numerous alleged
4   statements by different speakers over different periods.

5       The Supreme Court has made clear that *Basic*'s presumption must be analyzed on
6   a statement-specific and defendant-specific basis, with courts weighing "all evidence" of
7   price impact. *See Goldman Sachs Grp., Inc. v. Ark. Tchr. Ret. Sys.*, 594 U.S. 113, 118–
8   19 (2021) ("To invoke the *Basic* presumption, a plaintiff must prove: (1) that *the* alleged
9   misrepresentation was publicly known . . . .") (emphasis added); *Halliburton Co. v. Erica
10  P. John Fund, Inc. (Halliburton II)*, 573 U.S. 258, 279–83 (2014) ("First, if a plaintiff
11  shows that the *defendant's misrepresentation* was public and material. . . .") (emphasis
12  added). Plaintiffs' Motion does not even attempt this showing for Mr. Russell or Mr.
13  Brady and only further supports summary judgment in their favor.

14  **II.   Argument**

15      On this record, the Court should deny Plaintiffs' Motion as to Mr. Russell and Mr.
16  Brady and grant their separate Motion for Summary Judgment.

17      First, Plaintiffs' preclusion theory fails because the criminal, arbitration, and
18  bankruptcy proceedings they cite did not involve or adjudicate any statement or conduct
19  by Mr. Russell or Mr. Brady. *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326–33
20  (1979); *Taylor v. Sturgell*, 553 U.S. 880, 892–98 (2008).

21      Second, Plaintiffs are not entitled to *Basic*'s presumption as to any alleged
22  statement "made" by Mr. Russell or Mr. Brady because Plaintiffs have not shown, and
23  the record affirmatively rebuts, that any statement or conduct by these Defendants was
24  material or had price impact. *See Goldman*, 594 U.S. at 126–27; *Janus Cap. Grp., Inc. v.
25  First Derivative Traders*, 564 U.S. 135, 142–48 (2011).

26      Third, Plaintiffs' reliance theory depends on the merits opinions of Dr. Zachary
27  Nye, which should be excluded under *Daubert* and Rule 702 and, even if considered,
28  provide no statement-specific or defendant-specific analysis that could carry Plaintiffs'

burden or support summary judgment. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589–97 (1993); Fed. R. Evid. 702; (Doc. 330 (*Daubert* Motion of Mr. Russell and Mr. Brady)).

Finally, nothing in Plaintiffs' Motion prevents the Court from granting summary judgment to Mr. Russell and Mr. Brady. Indeed, Plaintiffs' continued failure to identify any alleged statement or conduct by Mr. Russell or Mr. Brady as having caused any alleged damages only further supports summary judgment for these Defendants.

### 1. Collateral estoppel does not apply to Mr. Russell or Mr. Brady.

As the Ninth Circuit has consistently recognized, "[t]hree factors must be considered before applying collateral estoppel: (1) the issue at stake must be identical to the one alleged in the prior litigation; (2) the issue must have been actually litigated by the party against whom preclusion is asserted in the prior litigation; and (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the earlier action." *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1096 (9th Cir. 2004) (citation, quotation marks, and alterations omitted). And the Supreme Court has emphasized that there must have been a "full and fair" opportunity in the first action to litigate the issue for which collateral estoppel is sought. *Parklane*, 439 U.S. at 326–33; *see also Taylor*, 553 U.S. at 892–98.

None of these factors are present here, especially as to Mr. Russell and Mr. Brady. Plaintiffs' preclusion theory rests on proceedings to which Mr. Russell and Mr. Brady were not parties: (1) Mr. Milton's criminal trial, (2) a private arbitration between Nikola and Mr. Milton, and (3) Nikola's bankruptcy proceedings. None of those proceedings adjudicated falsity, scienter, or reliance for any statement by Mr. Russell or Mr. Brady. Nor would application of collateral estoppel as to these two Defendants be fair. *Parklane*, 439 U.S. at 326–33; *see also Taylor*, 553 U.S. at 892–98 (rejecting "virtual representation" and strictly limiting nonparty preclusion).

As Mr. Russell and Mr. Brady explained in their separate Motion for Summary Judgment, Mr. Milton maintained final approval over public statements made by the

company until his resignation, and Mr. Milton had sole control of his personal statements and social-media activity—even as they urged him to follow pre-clearance and established controls. Defendant Russell and Brady's Controverting Statement of Facts ("CSOF") ¶¶ 1–3, 5–7.  The criminal case concerned Mr. Milton's personal statements and conduct; the arbitration addressed Nikola's claims against Mr. Milton personally; and the bankruptcy findings that Plaintiffs cite relate to Mr. Milton's conduct and statements. CSOF ¶¶ 1–9, 10–17, 21–22. None of those proceedings decided whether Mr. Russell or Mr. Brady made a materially false statement with scienter. *See Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 319–24 (2007). Nor did those prior proceedings determine whether Mr. Russell or Mr. Brady had any alleged responsibility over any conduct by Mr. Milton or whether any such statement had price impact. *See Goldman*, 594 U.S. at 126–27. Finally, none of those prior proceedings determined whether Plaintiffs could establish reliance or loss causation as to Mr. Russell or Mr. Brady. *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 341–48 (2005). These are all central issues as to Mr. Russell and Mr. Brady that have not been previously litigated.

Plaintiffs' effort to transplant findings about Mr. Milton to other Defendants fails as a matter of law. *See Janus*, 564 U.S. at 142–48 (Rule 10b-5(b) liability turns on who "made" the statement); *Stoneridge Inv. Partners, LLC v. Scientific-Atlanta, Inc.*, 552 U.S. 148, 159–66 (2008) (no private liability for those whose conduct is too remote from investors' reliance). The distinct, statement-specific elements that Plaintiffs must prove against Mr. Russell and Mr. Brady cannot be short-circuited via collateral estoppel based on proceedings involving only Mr. Milton. And as explained further below, Plaintiffs cannot invoke the *Basic* presumption against Mr. Russell and Mr. Brady based on materiality findings related to Mr. Milton's statements in proceedings in which they were not parties.

The cases that Plaintiffs rely on do not support extending collateral estoppel to Mr. Russell or Mr. Brady. All of the cases Plaintiffs cite involve civil proceedings by the Securities and Exchange Commission or others, following criminal proceedings based on

the same facts involving the same Defendant. *SEC v. Mogler*, CV-15-01814-PHX-SPL, 2020 WL 1065865 (D. Ariz. Mar. 5, 2020) (collateral estoppel from SEC civil proceedings involving same defendant as prior criminal proceedings); *Wolfson v. Baker*, 623 F.2d 1074 (5th Cir. 1980) (single issue on which collateral estoppel was based was extensively litigated against the same party in the prior criminal proceedings); *In re Media Vision Tech. Sec. Litig.*, C94-1015 MJJ, 2003 WL 22227875, at *2 (N.D. Cal. Sept. 23, 2003) (collateral estoppel involving same defendants who were both previously convicted of wire fraud); *In re Towers Fin. Corp. Noteholders Litig.*, 75 F. Supp. 2d 178, 181 (S.D.N.Y. 1999) (collateral estoppel criminal convictions against the same defendants involved in civil litigation).

Neither these cases nor any other cases support application of collateral estoppel against a defendant based on criminal or other proceedings involving only a co-defendant. Mr. Russell and Mr. Brady, who were never parties to any of the prior proceedings involving Mr. Milton, cannot be estopped solely on the conviction and findings in other proceedings involving Mr. Milton. Nor can Plaintiffs attempt to claim Mr. Russell or Mr. Brady had any responsibility for Mr. Milton's statements, when that question has never been adjudicated. This, in turn, means that Plaintiffs cannot rely on a blanket application of the *Basic* presumption for all Defendants, based solely on statements by Mr. Milton.

### 2. Plaintiffs are not entitled to the *Basic* presumption as to Mr. Russell or Mr. Brady.

Plaintiffs seek to convert the Court's Rule 23 order into a merits ruling on reliance for all Plaintiffs' claims and all statements made by all Defendants, by attempting to rely on materiality findings in proceedings in which Mr. Russell and Mr. Brady were not parties. But a class-certification order allowing invocation of *Basic* does not adjudicate reliance at summary judgment or trial; Defendants remain free to rebut the presumption with merits evidence, and courts must weigh "all evidence" of price impact. *Goldman*, 594 U.S. at 126–30; *Halliburton II*, 573 U.S. at 278–83. The Rule 23 order here expressly addressed class-certification standards and did not determine statement-specific price

impact as to any particular speaker. *See* Doc. 224 at 22–25 (recognizing *Basic*'s rebuttability and summarizing *Halliburton II*); *Amgen, Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 466–76 (2013) (merits remain for trial). Plaintiffs may not bootstrap that order into summary judgment against different defendants on a different record.

*Basic*'s presumption is not global. It attaches, if at all, to particular actionable public statements "made" by a specific defendant in an efficient market and only where the statement had price impact. *See Basic*, 485 U.S. at 246–49 & n.27; *Janus*, 564 U.S. at 142–48; *Goldman*, 594 U.S. at 126–27. The Supreme Court has emphasized that courts must evaluate price impact statement-by-statement and must "consider all record evidence," direct and indirect, including the generic or specific nature of the statement, the market's reaction at the time, and the content and timing of alleged corrective disclosures. *Goldman*, 594 U.S. at 126–30.

Plaintiffs do not perform a statement-by-statement analysis for either Mr. Russell or Mr. Brady. Instead, they invoke "overlapping" topics and speakers and then ask the Court to presume reliance across the board. That is precisely what *Goldman* forbids. 594 U.S. at 122 n.2. Basic requires public, material, defendant-made statements and trading between misstatement and truth-revelation. *Basic*, 485 U.S. at 246–49; *Amgen*, 568 U.S. at 465–75 (materiality remains a merits element, even if *Basic* is invoked at class certification). Plaintiffs identify no specific public statement "made" by Mr. Russell or Mr. Brady that the market reacted to when made (front-end) or that was corrected (back-end) in a way that moved price. *See Halliburton II*, 573 U.S. at 278–83 (defendants may rebut Basic with lack-of-impact evidence at certification and on the merits); *Erica P. John Fund, Inc. v. Halliburton Co. (Halliburton I)*, 563 U.S. 804, 810–13 (2011).

The record defeats price impact as to statements Plaintiffs ascribe to these Defendants. Mr. Russell and Mr. Brady submitted expert analysis demonstrating that (a) numerous alleged misstatements elicited no statistically significant price reaction when made; (b) much of the supposedly concealed information was publicly known and repeatedly discussed by analysts during the class period; and (c) several alleged corrective

disclosures disclosed nothing new or were confounded by unrelated firm-specific or market news. (*See* Doc. 330 (*Daubert* Motion of Mr. Russell and Mr. Brady and related reports of Dr. Roper).) Under *Goldman* and *Halliburton II*, the Court must weigh this direct and indirect price-impact evidence statement-by-statement and deny any presumption where the link is severed. *Goldman*, 594 U.S. at 126–30; *Halliburton II*, 573 U.S. at 278–83. That analysis confirms that Plaintiffs cannot rely on the *Basic* presumption as to any statement by Mr. Russell or Mr. Brady.

No prior "materiality" finding supports applying the *Basic* presumption to Mr. Russell or Mr. Brady. Materiality is assessed in light of the "total mix" of information, one statement at a time. *Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 37–48 (2011). Plaintiffs' "overlap" theory—treating findings about Mr. Milton's statements in other proceedings as dispositive of materiality for different statements by different speakers—misstates the law. *See Janus*, 564 U.S. at 142–48 (maker requirement); *Stoneridge*, 552 U.S. at 159–66 (reliance limits). Plaintiffs identify no prior proceeding involving Mr. Russell or Mr. Brady that found any statement by Mr. Russell or Mr. Brady materially false or misleading, much less made with scienter. And this Court has already dismissed claims based on certain SEC-filing statements as "not misleading as a matter of law," underscoring that materiality is statement-specific. (*See* Doc. 157 (Order Granting in Part and Denying in Part Motions to Dismiss).) Plaintiffs' effort to obtain a blanket *Basic* presumption against all Defendants for statements made only by Mr. Milton should be rejected.

### 3. Plaintiffs' reliance theory hinges on Dr. Nye's inadmissible merits opinions.

At class certification, Rule 23 and *Daubert* inquiries sometimes overlap, but admissibility and weight of merits opinions on price impact, loss causation, and damages must be assessed under Rule 702. *See Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 982–84 (9th Cir. 2011); *Daubert*, 509 U.S. at 589–97. The *Daubert* Motion of Mr. Russell and Mr. Brady explains why Dr. Nye's merits opinions fail Rule 702: he (1) adopts

Plaintiffs' liability narrative and pre-selects "corrective" dates rather than independently analyzing the total mix of information; (2) provides no statement- or defendant-level attribution of inflation or damages and uses "Defendants" generically; and (3) employs a "backwardization" framework that yields economically incoherent outputs (including zero or negative "true value" days) that he censors. (*See* Doc. 330 at 2–7.)

Even if considered, Dr. Nye's opinions cannot support summary judgment against these Defendants. He concedes that he did not analyze price impact on a statement- or speaker-specific basis and did not apportion inflation to any particular statement or defendant. (*See* Doc. 330 (*Daubert* Motion of Mr. Russell and Mr. Brady and related reports of Dr. Roper).) That concession is dispositive of Plaintiffs' attempt to invoke *Basic* as to statements by Mr. Russell or Mr. Brady. *See Goldman*, 594 U.S. at 126–30 (statement-specific price-impact analysis required); *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 392–95 (9th Cir. 2010) (affirming summary judgment to defendant where expert analysis failed to tie price movements to alleged misstatements).

### 4. Plaintiffs' Motion only further supports summary judgment in favor of Mr. Russel and Mr. Brady.

As explained in their Motion for Summary Judgment, Mr. Russell and Mr. Brady are entitled to summary judgment on Plaintiffs' claims against them. *See Tellabs*, 551 U.S. at 318–26; *Matrixx*, 563 U.S. at 37–48; *Dura*, 544 U.S. at 341–48; *Howard v. Everex Sys., Inc.*, 228 F.3d 1057, 1065–69 (9th Cir. 2000). Plaintiffs' failure to identify any statement by Mr. Russell and Mr. Brady and attempt to rely on Mr. Milton's separate statements to assert the *Basic* presumption for all claims against all Defendants provides further support for summary judgment in favor of Mr. Russell and Mr. Brady.

First, Plaintiffs never identify a specific statement by Mr. Russell or Mr. Brady that has been adjudicated elsewhere as materially false when made or made with scienter. The undisputed record shows robust disclosure controls and good-faith conduct by both Defendants. As CEO, Mr. Russell followed a rigorous sign-off process for SEC filings and press releases—including legal, finance, accounting, disclosure-committee, and

audit-committee review—and emphasized transparent communication. *See* Defendant Russell's and Brady's Statement of Facts in Support of Motion for Summary Judgment ("SOF") ¶¶ 3, 18–19. As CFO, Mr. Brady worked closely with legal and outside counsel to ensure accuracy of financial disclosures, escalated concerns about public statements, and directed investors to vetted sources. SOF ¶¶ 4, 17–18. These and the other facts raised in their Motion defeat any claim of scienter. *See Nguyen v. Endologix, Inc.*, 962 F.3d 405, 414–19 (9th Cir. 2020) (scienter must be strong and cogent; benign inferences control on summary judgment).

Second, Plaintiffs' attempt to aggregate "overlapping" statements continues to elide the requirement to assess each statement in its context and ascribed speaker. *See Janus*, 564 U.S. at 142–48; *Stoneridge*, 552 U.S. at 159–66. Plaintiffs never isolate any statement by Mr. Russell or Mr. Brady that was false when made and caused loss. *See Dura*, 544 U.S. at 341–48 (loss causation requires a causal connection between the alleged misrepresentation and the subsequent loss); *Mineworkers' Pension Scheme v. First Solar, Inc.*, 881 F.3d 750, 753–58 (9th Cir. 2018) (loss causation can be shown by corrective disclosures or materialization of risk, but must still be tied to the misstatement).

Third, Plaintiffs' Section 20(a) theory fails for the reasons in the Motion. Plaintiffs cannot show a primary violation attributable to Mr. Russell or Mr. Brady or that either had the power to control Mr. Milton's personal statements, and the undisputed facts establish the good-faith defense. *See* 15 U.S.C. § 78t(a); *Howard*, 228 F.3d at 1065–69 (control and good-faith requirements); *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1052–58 (9th Cir. 2014) (affirming summary judgment where evidence did not support scienter and falsity theories).

## III.    Conclusion

The Court should deny Plaintiffs' Motion for Partial Summary Judgment as to Mr. Russell and Mr. Brady and grant their Motion for Summary Judgment. Plaintiffs have not carried—and cannot carry—their statement-specific burdens against Mr. Russell or Mr. Brady on falsity, scienter, loss causation, reliance, or control-person liability. Their

collateral-estoppel and *Basic* arguments are directed to Mr. Milton and cannot be transplanted to different speakers, different statements, and a different evidentiary record. The undisputed facts and, at minimum, genuine factual disputes preclude summary judgment against Mr. Russell and Mr. Brady.

RESPECTFULLY SUBMITTED this 3rd day of December, 2025.

OSBORN MALEDON, P.A.


By: s/Travis C. Hunt
    Geoffrey M.T. Sturr
    Travis C. Hunt
    Allie Karpurk
    2929 N. Central Avenue, Suite 2000
    Phoenix, Arizona 85012

Attorneys for Defendants Mark A. Russell and Kim J. Brady