Jennifer Hadley Catero (#018380)
Patrick A. Tighe (#033885)
**SNELL & WILMER L.L.P.**
One East Washington Street
Suite 2700
Phoenix, AZ  85004-2556
Telephone:  602.382.6000
Facsimile:  602.382.6070
jcatero@swlaw.com
ptighe@swlaw.com

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Neal R. Marder (Admitted *Pro Hac Vice*)
Joshua A. Rubin (Admitted *Pro Hac Vice*)
1999 Avenue of the Stars, Suite 600
Los Angeles, CA 90067-6022
Telephone: 310.229.1000
Facsimile: 310.229.1001
nmarder@akingump.com
rubinj@akingump.com

M. Scott Barnard (Admitted *Pro Hac Vice*)
Jessica Mannon (Admitted *Pro Hac Vice*)
Tabitha Kempf (Admitted *Pro Hac Vice*)
2300 N. Field Street, Suite 1800
Dallas, TX 75201
Telephone: 214.969.2800
Facsimile: 214.969.4343
sbarnard@akingump.com
jmannon@akingump.com
tkempf@akingump.com

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Daniel Borteanu, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>Nikola Corporation; Trevor Milton; Mark A. Russell; Kim J. Brady; Britton M. Worthen; Steve Girsky; Steven Shindler; and Jeffrey Ubben,<br><br>Defendants. | No. CV-20-01797-PHX-SPL<br>No. CV-20-01819-PHX-DIR (cons.)<br>No. CV-20-02123-PHX-JJT (cons.)<br>No. CV-20-02168-PHX-DLR (cons.)<br>No. CV-20-02237-PHX-DLR (cons.)<br>No. CV-20-02374-PHX-DWL (cons.)<br><br>**DEFENDANT JEFFREY UBBEN'S OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ............................................................................................................. 1

II. LEGAL STANDARD ....................................................................................................... 3

III. ARGUMENT .................................................................................................................... 3

    A. Plaintiffs Are Not Entitled to Summary Judgment on the Issue of Materiality. ............................................................................................................. 5

    B. There is a Triable Issue of Fact as to Market Efficiency. ................................... 7

    C. There is a Triable Issue of Fact as to Whether Defendants Can Rebut the Presumption of Reliance. .................................................................................. 10

IV. CONCLUSION ............................................................................................................... 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Amgen Inc. v. Connecticut Ret. Plans and Trust Funds*,
   568 U.S. 455 (2013) ............................................................................................. 3, 7

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986) .................................................................................................. 3

*In re Banc of California Sec. Litig.*,
   326 F.R.D. 640 (C.D. Cal. 2018) .............................................................................. 3

*C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*,
   213 F.3d 474 (9th Cir. 2000) ..................................................................................... 3

*Cammer v. Bloom*,
   711 F. Supp. 1264 (D.N.J. 1989) ........................................................................... 8, 9

*Cortez v. Klique Car Club, Inc.*,
   2024 WL 988374 (C.D. Cal. Mar. 6, 2024) .............................................................. 6

*In re Countrywide Fin. Corp. Sec. Litig.*,
   273 F.R.D. 586 (C.D. Cal. 2009) ............................................................................ 12

*In re Diamond Foods, Inc., Sec. Litig.*,
   295 F.R.D. 240 (N.D. Cal. 2013) .............................................................................. 8

*Erica P. John Fund, Inc. v. Halliburton Co.* (*Halliburton I*),
   563 U.S. 804 (2011) .................................................................................................. 3

*Goldman Sachs Grp., Inc. v. Ark. Tchr. Ret. Sys.*,
   594 U.S. 113 (2021) ............................................................................................. 5, 11

*Halliburton Co. v. Erica P. John Fund, Inc.* (*Halliburton II*),
   573 U.S. 258 (2014) ............................................................................................. 3, 11

*In re Heckmann Corp. Sec. Litig.*,
   2013 WL 2456104 (D. Del. June 6, 2013) ................................................................ 2

*Hsingching Hsu v. Puma Biotechnology, Inc.*,
   2018 WL 4945703 (C.D. Cal. Oct. 5, 2018) ............................................................. 5

*In re Jan. 2021 Short Squeeze Trading Litig.*,
   2023 WL 9035671 (S.D. Fla. Nov. 13, 2023) ........................................................... 7

*Malriat v. QuantumScape Corp.*,
 2022 WL 17974629 (N.D. Cal. Dec. 19, 2022)...............................................................8

*Masson v. New Yorker Mag., Inc.*,
 501 U.S. 496 (1991).........................................................................................................3

*Plumbers & Pipefitters Nat. Pension Fund v. Burns*,
 292 F.R.D. 515 (N.D. Ohio 2013) ...............................................................................10

*Ret. Sys. v. Acadia Healthcare Co., Inc.*,
 2025 WL 2940714 (M.D. Tenn. Oct. 16, 2025)............................................................7

*Richards v. Jefferson Cty.*,
 517 U.S. 793 (1996)......................................................................................................6, 7

*Sali v. Corona Reg'l Med. Ctr.*,
 909 F.3d 996 (9th Cir. 2018) ........................................................................................8

*Simpson v. Specialty Retail Concepts*,
 149 F.R.D. 94 (M.D.N.C. 1993)....................................................................................8

*Simpson v. Specialty Retail Concepts*,
 823 F. Supp. 353 (M.D.N.C. 1993) ..........................................................................7, 9

*Skilstaf, Inc. v. CVS Caremark Corp.*,
 669 F.3d 1005 (9th Cir. 2012) ......................................................................................5

*Taylor v. Sturgell*,
 553 U.S. 880 (2008).........................................................................................................6

*Unger v. Amedisys Inc.*,
 401 F.3d 316 (5th Cir. 2005) ........................................................................................8

*United States v. Milton*,
 1:21-CR-00478 (S.D.N.Y. Oct. 13, 2022)....................................................................6

*United States v. Neal*,
 2023 WL 5309361 (D. Ariz. Aug. 17, 2023)...............................................................6

*United States v. One Residential Prop. Located at 8110 E. Mohave Rd.*,
 229 F. Supp. 2d 1046 (S.D. Cal 2002).........................................................................3

*United States v. Van Dyck*,
 866 F.3d 1130 (9th Cir. 2017) ......................................................................................7

*In re Vivendi Universal, S.A. Sec. Litig.*,
 2014 WL 4080950 (S.D.N.Y. Aug. 18, 2014)............................................................11

**Other Authorities**

Fed. R. Civ. P. 23 .................................................................................................................. 10

Fed. R. Civ. P. 23(b)(3) ..................................................................................................... 2, 8

I.  **<u>INTRODUCTION</u>**

Plaintiffs' Motion for Partial Summary Judgment aims to improperly sideline critical issues from the jury, urging the Court to declare that the alleged misrepresentations by every Defendant—including Jeffrey Ubben—were material, and that investors unquestionably relied on them. But, conspicuously, Plaintiffs' Motion never mentions Ubben or either of the two SEC Forms S-1 that contained Ubben's challenged statements. Instead, Plaintiffs spend the vast majority of their motion discussing the prior criminal case and an arbitration against Trevor Milton. None of those proceedings had anything to do with Ubben or his alleged misrepresentations, and they certainly did not prove that any of Ubben's statements were material. In the absence of any evidence regarding Ubben's statements, Plaintiffs' Motion inappropriately lumps together all of the Defendants and alleged misrepresentations, and it fails to demonstrate the absence of a triable issue of fact concerning reliance on any of Ubben's statements. At least three issues prevent the Court from granting partial summary judgment, any one of which is sufficient to deny Plaintiffs' Motion.

First, Plaintiffs cannot establish that Ubben's alleged misrepresentations were material as a matter of law, as required for Plaintiffs' fraud-on-the-market theory. Plaintiffs attempt to make this showing *solely* through invocation of collateral estoppel, arguing that "the materiality of the overlapping statements has been conclusively established by Milton's conviction." P's Mot. at 21. But as Plaintiffs' own filings make clear, any findings of materiality at Milton's criminal trial were limited to *Milton's* statements on social media, podcasts, and media interviews. Nothing in Milton's criminal case concerned *Ubben* or *Ubben*'s challenged statements in the two SEC filings. Moreover, due process prohibits collateral estoppel from being used offensively against Ubben, a non-party to Milton's criminal trial.

Second, Plaintiffs cannot establish a lack of triable issues of fact as to whether Nikola's stock traded on an efficient market in June and July of 2020, the dates of Ubben's challenged statements. Plaintiffs try to shortcut their burden of proof by referencing the

1

Court's finding of efficiency at the class certification stage. But as the Court acknowledged when it certified the class, its factual findings did not delve into the merits of the case and were not intended to resolve the significant disagreement between the experts as to the issues of market efficiency. In fact, the Court explicitly recognized that Plaintiffs' expert's analysis as it relates to market efficiency was "not[] perfect," and that there were numerous facts suggesting a *lack* of market efficiency in Nikola's stock price, especially towards the beginning of the class period when Ubben's alleged misrepresentations were made. Doc. 224 at 21-22. Despite ultimately finding efficiency *for purposes of class certification*, the Court expressly recognized that Defendants "may challenge" market efficiency again "in the appropriate forum, *that is, at trial*." *Id.* at 21 (quoting *In re Heckmann Corp. Sec. Litig.*, 2013 WL 2456104, at *8 (D. Del. June 6, 2013)) (emphasis added).

Third and finally, triable issues remain as to Defendants' ability to rebut the presumption of reliance through evidence of a lack of price impact. While the Court reached conclusions as to price impact as part of its class certification order, Supreme Court precedent makes clear that rebutting the *Basic* presumption of reliance remains a merits issue (in addition to an issue under Rule 23(b)(3)). Because Defendants' evidence undercuts Plaintiffs' conclusion on price impact as to Ubben's alleged misrepresentations, summary judgment must be denied for this reason as well.

For each of these reasons, the Court should deny Plaintiffs' Motion entirely as it relates to Defendant Ubben and Ubben's alleged misrepresentations.[1]

---

[1] In fact, given the extent to which Plaintiffs' motion focuses on Milton, it is not entirely clear that Plaintiffs are seeking partial summary judgment as to their reliance on Ubben's challenged statements. *See, e.g.*, P's Mot. at 2 ("[T]hese elements establish *Milton's* civil liability for securities fraud as a matter of law.") (emphasis added). However, during the pre-motion conferral process (*see* Doc. 165-1 at 4), Ubben made clear that he was opposing Plaintiffs' motion as it applied to Ubben, and Plaintiffs never indicated that their motion was not intended to apply to all Defendants.

2

## II. **LEGAL STANDARD**

In ruling on summary judgment, the court is required to draw all reasonable inferences in favor of the non-moving party. *Masson v. New Yorker Mag., Inc.*, 501 U.S. 496, 520 (1991). The court's function is not to weigh the evidence or determine the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

Where, as is the case here, the moving party would bear the burden at trial of establishing the issue on which it seeks summary judgment, the moving party must present compelling evidence in order to obtain summary judgment in its favor. *United States v. One Residential Prop. Located at 8110 E. Mohave Rd.*, 229 F. Supp. 2d 1046, 1047 (S.D. Cal 2002) ("[W]here the moving party bears the burden of proof on an issue, it cannot obtain summary judgment unless it presents evidence so compelling that no rational jury would fail to award judgment for the moving party."); *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000).

## III. **ARGUMENT**

Plaintiffs seek partial summary judgment on the issue of reliance. Reliance is "an essential element of the § 10(b) private cause of action," which "ensures that there is a proper connection between a defendant's misrepresentation and a plaintiff's injury." *Amgen Inc. v. Connecticut Ret. Plans and Trust Funds*, 568 U.S. 455, 461 (2013) (quoting *Erica P. John Fund, Inc. v. Halliburton Co.* (*Halliburton I*), 563 U.S. 804, 810 (2011)). As it is an element of their case, Plaintiffs bear the burden of proving reliance. *See In re Banc of California Sec. Litig.*, 326 F.R.D. 640, 648 (C.D. Cal. 2018). Here, Plaintiffs try to prove reliance through a fraud-on-the-market theory, in which investors who purchase stock in an efficient market are presumed to have relied on material misrepresentations made prior to their purchase. *See, generally*, *Halliburton Co. v. Erica P. John Fund, Inc.* (*Halliburton II*), 573 U.S. 258, 263, 268 (2014).

Only three of Ubben's alleged misrepresentations, each of which was contained in one of two Nikola Forms S-1 that Ubben signed, survived the motion to dismiss stage. *See* Doc. 157 at 12-14. Those challenged statements are listed below:

| Subject | Alleged Misstatement | Source(s) |
|---|---|---|
| 14,000 FCEV Reservations | "The current backlog of over 14,000 FCEVs non-binding reservations represents more than two years of production and over $10 billion of potential revenue. The FCEV reservation book was frozen in the fall of 2019 in order for Nikola to focus on negotiating with strategic fleet partners for launch." | June 15, 2020 Form S-1<br><br>July 17, 2020 Form S-1 |
| Badger | "Recently we announced the Nikola Badger (the "Badger"), an advanced zero-emission FCEV/BEV hybrid pickup truck. Unlike anything on the market, the Badger is designed to target and exceed every electric or fossil fuel pickup truck in its class." | June 15, 2020 Form S-1<br><br>July 17, 2020 Form S-1 |
| Nikola One | Listing Nikola One as a "Zero-Emission Product Offering," estimating its range, and stating that "[p]roduction plans . . . will be announced once we have established a robust refueling infrastructure." | July 17, 2020 Form S-1 |

In its order on the motion to dismiss, the Court expressly rejected Plaintiffs' efforts to impose liability on Ubben for any other alleged misrepresentations beyond these three—including, for example, Milton's social media posts and statements in interviews—concluding that Plaintiffs did not plausibly allege that Ubben acted with the purpose of creating a false appearance of fact. Doc. 157 at 33-34.

As explained below, Plaintiffs' Motion offers *no* evidence in support of the element of reliance as it relates to Ubben's three alleged misrepresentations, much less sufficient evidence to demonstrate the lack of a triable issue of fact.

4

### A. Plaintiffs Are Not Entitled to Summary Judgment on the Issue of Materiality.

To establish that Plaintiffs relied on Ubben's alleged misrepresentations under their fraud-on-the-market theory, Plaintiffs bear the burden to prove that those misrepresentations were material. *Goldman Sachs Grp., Inc. v. Ark. Tchr. Ret. Sys.*, 594 U.S. 113, 118 (2021) (materiality a prerequisite to invoking the *Basic* presumption). A triable issue of fact as to materiality "prevents the Court from entering summary judgment on the fraud-on-the-market presumption and, thus, the element of reliance for Plaintiffs' 10b-5 claim." *Hsingching Hsu v. Puma Biotechnology, Inc.*, 2018 WL 4945703, at *5 (C.D. Cal. Oct. 5, 2018).

Here, far from conclusively establishing materiality as a matter of law, Plaintiffs *offer no evidence at all* that any of Ubben's alleged misrepresentations were material. Instead, Plaintiffs rely solely on the faulty premise that materiality "is established by collateral estoppel" based on Milton's criminal conviction for securities fraud. P's Mot. at 20. But collateral estoppel bars re-litigation of issues adjudicated in an earlier proceeding only "if three requirements are met: (1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding." *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1021 (9th Cir. 2012) (citations omitted). Plaintiffs fail to establish either the first or third prong, and their collateral estoppel argument thus fails.

<u>First</u>, the materiality of Ubben's three alleged misrepresentations is not "identical" to the issues "necessarily decided" in the Milton criminal trial. *Id.* In support of their motion, Plaintiffs reference 52 different statements made by Milton on social media, on podcasts, and in news interviews that Plaintiffs argue "were addressed and litigated" in the Milton criminal trial and Milton arbitration. *See* Block Decl. (Doc. 318) ¶ 2, Ex. 1 and 2; *see also* Ubben Controverting Statement of Facts ("CSOF") ¶ 33 (citing Tr. of Proceedings

5

in *United States v. Milton*, 1:21-CR-00478 (S.D.N.Y. Oct. 13, 2022) at Dkt. 246 (identifying Milton's statements on which fraud charges were based)). But none of these statements purportedly found to be material by the criminal jury or arbitration panel were made by Ubben. CSOF ¶ 33. Nor were any of the statements purportedly found by the jury or panel to be material contained in the June or July 2020 Nikola Forms S-1, which form the sole basis of the remaining claims against Ubben. *Compare* Block Decl. ¶ 2, Ex. 1 and 2, *with* Doc. 157 at 12-14. Indeed, Plaintiffs' separate statement acknowledges that "the key elements of the criminal claims are co-extensive with the claims made *against Milton* in the SAC and have already been adjudicated and decided *against Milton*." P's SUF ¶ 9 (emphasis added). Without a "substantial similarity" between the issues decided in the Milton criminal trial and the materiality of Ubben's alleged misrepresentations—indeed, without *any overlap at all*—collateral estoppel cannot apply. *See Cortez v. Klique Car Club, Inc.*, 2024 WL 988374, at *3–4 (C.D. Cal. Mar. 6, 2024).

<u>Second</u>, Plaintiffs cannot establish collateral estoppel as to the materiality of Ubben's alleged misrepresentations because Ubben was not a party to the Milton criminal trial, nor in privity with Milton.[2] "A person who was not a party to a suit generally has not had a 'full and fair opportunity to litigate' the claims and issues settled in that suit." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). Thus, "[t]he application of . . . issue preclusion to nonparties . . . runs up against the 'deep-rooted historic tradition that everyone should have his own day in court.'" *Id*. at 892-93 (quoting *Richards v. Jefferson Cty.*, 517 U.S. 793, 798 (1996)). Ubben did not participate in the criminal case, nor would he have had the opportunity to do so. *See United States v. Neal*, 2023 WL 5309361, at *1 (D. Ariz. Aug. 17, 2023) ("[T]he 'general rule' is that nonparties 'lack standing to intervene in criminal prosecutions.'") (quoting *United States v. Van Dyck*, 866 F.3d 1130, 1133 (9th Cir. 2017)).

---

[2] "Privity" in this context is a narrow exception to the prohibition on non-party collateral estoppel relying on a "substantive legal relationship[] between the person to be bound and a party to the judgment," such as "assignee and assignor." *Taylor v. Sturgell*, 553 U.S. 880, 893-94 & n.8 (2008). Plaintiffs do not argue that Ubben and Milton are in privity, nor could they.

Ubben was not even named as a Defendant in this securities fraud case until months *after* the jury rendered its verdict in the Milton criminal litigation. Moreover, because the criminal trial did not concern Ubben's statements or the Forms S-1 signed by Ubben alleged here to be false, there is no possibility that Milton "represented [Ubben], let alone represented [him] in a constitutionally adequate manner," to allow collateral estoppel to apply to claims against Ubben. *Richards*, 517 U.S. at 802.

Because Plaintiffs cannot establish materiality through invocation of collateral estoppel—the only basis on which they seek to prove materiality in this motion—Plaintiffs' motion for partial summary judgment as to reliance must be denied.[3]

**B.     There is a Triable Issue of Fact as to Market Efficiency.**

In addition to failing to establish materiality, Plaintiffs' Motion fails to demonstrate the lack of a triable issue as to market efficiency. "Market efficiency is at the heart of the fraud-on-the-market theory and the *Basic* presumption, because without it, the stock price does not function as a reliable proxy for publicly available information." *In re Jan. 2021 Short Squeeze Trading Litig.*, 2023 WL 9035671, at *26 (S.D. Fla. Nov. 13, 2023) (citing *Amgen*, 568 U.S. at 462). At trial, Plaintiffs have the burden of proving that the market for Nikola shares was efficient at the time they traded. *Simpson v. Specialty Retail Concepts*, 823 F. Supp. 353, 355 (M.D.N.C. 1993).

Rather than offer any evidence of market efficiency, Plaintiffs simply point to the Court's finding at class certification that the market was efficient. P's Mot. at 20. But the Court's holding at class certification was not "a full scale investigation into the efficiency of the market." *Simpson v. Specialty Retail Concepts*, 149 F.R.D. 94, 100 (M.D.N.C. 1993); *see also Sali v. Corona Reg'l Med. Ctr.*, 909 F.3d 996, 1004 (9th Cir. 2018) ("[W]e have

---

[3] This distinguishes Plaintiffs' case *St. Clair County Emps.' Ret. Sys. v. Acadia Healthcare Co., Inc.*, 2025 WL 2940714 (M.D. Tenn. Oct. 16, 2025). In *Acadia Healthcare*, unlike here, plaintiffs moved for summary judgment only as to the issues of reliance "*aside from materiality*." *Id*. at *3 (emphasis added). In other words, the *Acadia Healthcare* plaintiffs acknowledged that materiality was a fact issue for trial, and the court's order granted summary judgment in plaintiffs' favor solely "as to any misstatements *that Plaintiffs show to be material at trial*." *Id*. at *5 (emphasis added).

7

never equated a district court's 'rigorous analysis' at the class certification stage with conducting a mini-trial."). Rather, the Court simply found by a preponderance of the evidence that Rule 23(b)(3) was satisfied. *See* Doc. 224 at 4 (citing Rule 23's preponderance of evidence standard); *see also Malriat v. QuantumScape Corp.*, 2022 WL 17974629, at *8 (N.D. Cal. Dec. 19, 2022) (at class certification, efficiency is assessed based on preponderance of the evidence standard). But market efficiency is ultimately "an issue for the finder of fact at trial." *In re Diamond Foods, Inc., Sec. Litig.*, 295 F.R.D. 240, 250 (N.D. Cal. 2013) (collecting cases). Thus, the Court's finding of efficiency "for class certification purposes may be revised (or wholly rejected) by the ultimate factfinder." *Unger v. Amedisys Inc.*, 401 F.3d 316, 323 (5th Cir. 2005). Indeed, the Ninth Circuit Model Jury Instruction on reliance under the Securities Exchange Act tasks *the jury* with assessing whether a security traded on "an active, open market" in which "the price of the security immediately reflects all publicly available information." Ninth Circuit Manual of Model Civil Jury Instructions 18.7.

Plaintiffs' argument that the Court's finding of market efficiency at the class certification stage is binding on the jury was conclusively rejected in the preeminent case on the issue of market efficiency, *Cammer v. Bloom*, 711 F. Supp. 1264 (D.N.J. 1989). *See* Doc. 224 at 14-22 (citing *Cammer* in this Court's class certification order). There, responding to the argument that allowing the court to make factual findings as to market efficiency violated the parties' seventh amendment right to a jury trial, the *Cammer* court called this argument "a red herring because the trial court *would not be making factual findings binding on the jury*." *Cammer*, 711 F. Supp. at 1290 (emphasis added). The court explained that even "if it were concluded [by the court] after a hearing the market appeared efficient, and plaintiffs could proceed under the rebuttable presumption, [defendant] *would be entitled to prove to a jury that the market was inefficient*, thereby rebutting the presumption." *Id*. (emphasis added). Plaintiffs effectively ask the Court to create new law by treating its class certification finding of efficiency as binding at the merits phase, something the Court should decline to do.

8

Thus, the Court's conclusion at class certification notwithstanding, so long as "there is enough evidence in the record to support a jury's finding that the market for [the security] at the relevant time" was inefficient, summary judgment is not warranted. *Simpson*, 823 F. Supp. at 355. There is clearly such evidence here. For example, the following evidence rebuts that Nikola's stock traded on an efficient market:

- Arbitrage activity was significantly constrained during the Class Period, with reports of Nikola stock being "difficult, if not impossible" to short, and borrowing fees above 600% of the stock price. CSOF ¶ 34. This limitation on arbitrage means that Nikola's stock price could not reflect downside pessimistic opinions from would-be short sellers and thus did not reflect all publicly available information. *Id.*
- Nikola's public float was only 6% of shares outstanding before July 17, 2020, and only 23% thereafter, rebutting efficiency. CSOF ¶ 35.
- Nikola's common stock sold at a significant premium relative to its warrant for several weeks at the start of the Class Period, a fact that should not be possible in an efficient market. CSOF ¶ 36.
- Plaintiffs' expert Dr. Nye assessed market efficiency solely by studying Nikola's earnings announcements. CSOF ¶ 37. But Nikola was a pre-revenue company and the market was not focused on its earnings announcements at the time. *Id.*
- As a pre-revenue company with a highly-engaged retail investor base, Nikola's stock was extremely volatile, a fact that Dr. Nye failed to consider. CSOF ¶ 38. To the contrary, Nye intentionally leveraged that volatility to reverse-engineer the results he wanted. *Id.*

While the Court may have considered some of this evidence at class certification and nonetheless certified a class under Rule 23, it did so only after noting that, "*[a]t this juncture*, the Court's role is not to nitpick, line by line, the competing expert reports offered by the parties." Doc. 224 at 17 (emphasis added). The Court recognized that "[f]or the purposes of a motion for class certification . . . merits questions may be considered to the

9

extent—but *only* to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Id*. (emphasis original). The Court then held that while Defendants and their experts "disagree[d] with Dr. Nye's opinions" regarding efficiency, rejecting those opinions at the class certification stage "would be an impermissible invasion into the province of the jury to decide whether to afford Dr. Nye's or [Defendants'] expert opinions more weight." *Id*.; *see also id.* at 22 (finding that Defendants' arguments as to efficiency "go to the weight of Dr. Nye's opinions, not admissibility").

Fundamental to these statements is the recognition that Defendants, including Ubben, would have the ability to cross-examine Dr. Nye at trial, level these same criticisms of Dr. Nye's analysis as to market efficiency, and allow a jury to decide. The Court made this point explicitly in its class certification order, acknowledging that Dr. Nye's analysis as it relates to efficiency was "not[] perfect," and that Defendants would have the right to challenge that conclusion "***in the appropriate forum, that is, at trial***." *Id*. at 21 (emphasis added). Given these disputed factual issues as to efficiency, summary judgment is inappropriate. *Plumbers & Pipefitters Nat. Pension Fund v. Burns*, 292 F.R.D. 515, 526 (N.D. Ohio 2013) (where court concludes that a defendant's evidence of inefficiency is insufficient to overcome class certification, defendant may still "present such evidence . . . to the trier of fact, in an attempt to negate a finding that the market was efficient"). This is especially true given that all parties agreed that the evidence of market efficiency was weaker during the first six weeks of the class period, the time during which Ubben's alleged misrepresentations were made. *See* Doc. 203 at 2-4; Doc. 207 at 4.

    **C.**    **There is a Triable Issue of Fact as to Whether Defendants Can Rebut the Presumption of Reliance.**

Finally, summary judgment is inappropriate because Plaintiffs cannot foreclose, as a matter of law, Ubben's ability to rebut the *Basic* presumption of reliance. Establishment of the *Basic* presumption of reliance at the class certification stage is just that—a presumption—which is "rebuttable rather than conclusive." *Halliburton II*, 573 U.S. at

268. The presumption can be rebutted through "[a]ny showing that severs the link between the alleged misrepresentation and ... the price received (or paid) by the plaintiff." *Goldman Sachs*, 594 U.S. at 118. A defendant may sever this link in a number of ways, including by showing that the "alleged misrepresentation[s] did not actually affect the stock's price—that is, the misrepresentation had no 'price impact.'" *Halliburton II*, 573 U.S. at 263-64.

As with market efficiency, Plaintiffs' argument with respect to price impact simply cites to the Court's class certification decision, stating that "this Court has already considered and rejected Defendants' arguments with respect to price impact." P's Mot. at 23. But, importantly, a defendant may "rebut the presumption of reliance with evidence of a lack of price impact" *both* at class certification and "at the merits stage." *Halliburton II*, 573 U.S. at 277-79 ("There is no dispute that defendants may introduce [price impact] evidence at the merits stage to rebut the *Basic* presumption."); *In re Vivendi Universal, S.A. Sec. Litig.*, 2014 WL 4080950, at *1 (S.D.N.Y. Aug. 18, 2014) ("[T]here is no doubt that proof of price impact has always been a part of the equation at the merits stage of a securities fraud case. After *Halliburton II*, it will now also be a consideration at the class certification stage.").

If this case proceeds to trial, Ubben must be permitted to rebut the presumption of reliance by showing that his "alleged misrepresentation[s] did not affect the market price of the security." Ninth Circuit Manual of Model Civil Jury Instructions 18.7. In particular, Ubben's economics expert explained how Plaintiffs' alleged price impact evidence fails to isolate the individual price impact of Ubben's statements, as opposed to the alleged misrepresentations of Milton or the other Defendants. CSOF ¶ 39; *see also* Ubben MSJ at 21–24 (citing Ubben SOF ¶¶ 34–35). This testimony, along with the other evidence presented by Defendants, attempts to "sever[] the link" between the market price of Nikola stock and Ubben's misrepresentations, and creates a triable issue of fact. *See In re Countrywide Fin. Corp. Sec. Litig.*, 273 F.R.D. 586, 616 (C.D. Cal. 2009) ("After the *Basic* presumption has been raised, it can be rebutted at a merits stage.").

## IV. CONCLUSION

For all the foregoing reasons, Plaintiffs' Motion for Partial Summary Judgment should be denied as it relates to Defendant Ubben and Defendant Ubben's alleged misrepresentations.

Dated: December 3, 2025

Respectfully submitted,

SNELL & WILMER L.L.P.

By: *s/ Patrick A. Tighe*
Jennifer Hadley Catero
Patrick A. Tighe
One East Washington Street, Suite 2700
Phoenix, AZ 85004

and

AKIN GUMP STRAUSS HAUER & FELD LLP
Neal R. Marder (Admitted *Pro Hac Vice*)
Joshua A. Rubin (Admitted *Pro Hac Vice*)
1999 Avenue of the Stars, Suite 600
Los Angeles, CA 90067-6022

M. Scott Barnard (Admitted *Pro Hac Vice*)
Jessica Mannon (Admitted *Pro Hac Vice*)
Tabitha Kempf (Admitted *Pro Hac Vice*)
2300 N. Field Street, Suite 1800
Dallas, TX 75201

*Attorneys for Defendant Jeffrey Ubben*