Jennifer Hadley Catero (#018380)
Patrick A. Tighe (#033885)
**SNELL & WILMER L.L.P.**
One East Washington Street, Suite 2700
Phoenix, AZ 85004-2556
Telephone: 602.382.6000
Facsimile: 602.382.6070
jcatero@swlaw.com
ptighe@swlaw.com

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Neal R. Marder (Admitted *Pro Hac Vice*)
Joshua A. Rubin (Admitted *Pro Hac Vice*)
1999 Avenue of the Stars, Suite 600
Los Angeles, CA 90067-6022
Telephone: 310.229.1000
Facsimile: 310.229.1001
nmarder@akingump.com
rubinj@akingump.com

M. Scott Barnard (Admitted *Pro Hac Vice*)
Jessica Mannon (Admitted *Pro Hac Vice*)
Tabitha Kempf (Admitted *Pro Hac Vice*)
2300 N. Field Street, Suite 1800
Dallas, TX 75201
Telephone: 214.969.2800
Facsimile: 214.969.4343
sbarnard@akingump.com
jmannon@akingump.com
tkempf@akingump.com

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Daniel Borteanu, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>Nikola Corporation; Trevor Milton; Mark A. Russell; Kim J. Brady; Britton M. Worthen; Steve Girsky; Steven Shindler; and Jeffrey Ubben,<br><br>Defendants. | No. CV-20-01797-PHX-SPL<br>No. CV-20-01819-PHX-DIR (cons.)<br>No. CV-20-02123-PHX-JJT (cons.)<br>No. CV-20-02168-PHX-DLR (cons.)<br>No. CV-20-02237-PHX-DLR (cons.)<br>No. CV-20-02374-PHX-DWL (cons.)<br><br>**DEFENDANT JEFFREY UBBEN'S RESPONSE TO PLAINTIFFS' MOTION TO STRIKE DEFENDANT UBBEN'S NOTICE OF JOINDER AND JOINDER** |

Defendant Jeffrey Ubben respectfully submits this response to Plaintiffs' Motion to Strike (Doc. 355) Defendant Ubben's Notice of Joinder and Joinder of Defendants Russell and Brady's Daubert Motion to Exclude Opinions of Dr. Zachary Nye, Ph.D. (Doc. 336).

Plaintiffs move to strike Ubben's joinder on grounds that it is a late-filed dispositive motion. Because that is plainly incorrect, their request should be denied.

Even if Ubben's joinder were considered an independent motion to exclude Dr. Nye's opinion, it does not violate the Court's November 3, 2025 dispositive motion deadline because it is not a dispositive motion.[1] Motions like Defendants Russell and Brady's *Daubert* motion to exclude Dr. Nye's testimony (Doc. 330) do not seek to dispose of any of Plaintiffs' causes of action in whole or in part and are thus not considered dispositive. *See, e.g.*, *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097-98 (9th Cir. 2016) (distinguishing dispositive motions to dismiss, motions for summary judgment, and motions for judgment on the pleadings from non-dispositive motions in limine, preliminary injunctions, etc.). The authorities Plaintiffs cite are inapposite examples of courts striking a defendant's joinder of a *dispositive* motion. *Avrahami v. Clark*, 2020 WL 2319922 (D. Ariz. May 8, 2020) (Logan, J.) (joinder of motion to dismiss); *Burr v. Clark Cnty. Dep't of Fam. Servs.*, 2023 WL 5940017 (D. Nev. Sept. 12, 2023) (joinder of motion for summary judgment); *Facebook, Inc. v. OnlineNIC Inc.*, 2022 WL 161893 (N.D. Cal. Jan. 18, 2022) (joinder of motion to dismiss).[2]

---

[1] Ubben complied with the Court's dispositive motion deadline by filing his own motion for summary judgment on time (Doc. 328 filed Nov. 3, 2025).

[2] No deadline for motions to exclude expert testimony has been set. As this Court's Case Management Order makes clear, the deadline to file any such motions will not be scheduled until after the Court resolves the parties' pending motions for summary judgment. Doc. 173 at 6 (noting that "the Court will issue an Order Setting Final Pretrial Conference that [] sets deadlines for briefing motions in limine" following its resolution of the parties' dispositive motions); *Woodall v. Walt Disney Co.*, 2024 WL 5337320, at *2 (C.D. Cal. Nov. 4, 2024) ("A *Daubert* motion to exclude evidence and testimony at trial is a motion in limine."); *In re Hanford Nuclear Reservation Litig.*, 292 F.3d 1124, 1131 (9th Cir. 2002) (same). Because Ubben could have waited until this later date to file his own motion to exclude Dr. Nye, his joinder in Russell and Brady's motion plainly cannot be late.

Moreover, contrary to Plaintiffs' implication in their motion to strike, Plaintiffs were aware of, and did not object to, Ubben's intention to file his joinder. Indeed, before filing his joinder, Ubben's counsel informed Plaintiffs of his intent to join Russell and Brady's motion to exclude and offered to discuss any concerns. Plaintiffs raised no objection to Ubben's joinder at the time. Indeed, Plaintiffs' counsel simply requested that Ubben notify the Court that he agreed with the parties' stipulated response deadlines—a request that Ubben obliged. *See* Doc. 336 at n.1. Plaintiffs should not be rewarded for unnecessary gamesmanship when they could have raised their concerns with counsel before initiating an unnecessary dispute over the joinder's timeliness.

For these reasons, Ubben respectfully requests that the Court deny Plaintiffs' motion.

Dated December 9, 2025.

                Respectfully submitted,

                SNELL & WILMER L.L.P.

By:   *s/ Patrick A. Tighe*
       Jennifer Hadley Catero
       Patrick A. Tighe
       One East Washington Street, Suite 2700
       Phoenix, AZ 85004

       and

       AKIN GUMP STRAUSS HAUER & FELD LLP
       Neal R. Marder (Admitted *Pro Hac Vice*)
       Joshua A. Rubin (Admitted *Pro Hac Vice*)
       1999 Avenue of the Stars, Suite 600
       Los Angeles, CA 90067-6022

       M. Scott Barnard (Admitted *Pro Hac Vice*)
       Jessica Mannon (Admitted *Pro Hac Vice*)
       Tabitha Kempf (Admitted *Pro Hac Vice*)
       2300 N. Field Street, Suite 1800
       Dallas, TX 75201

       *Attorneys for Defendant Jeffrey Ubben*