Jennifer Hadley Catero (#018380)
Patrick A. Tighe (#033885)
**SNELL & WILMER L.L.P.**
One East Washington Street
Suite 2700
Phoenix, AZ 85004-2556
Telephone: 602.382.6000
Facsimile: 602.382.6070
jcatero@swlaw.com
ptighe@swlaw.com

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Joshua A. Rubin (Admitted *Pro Hac Vice*)
1999 Avenue of the Stars, Suite 600
Los Angeles, CA 90067-6022
Telephone: 310.229.1000
Facsimile: 310.229.1001
rubinj@akingump.com

M. Scott Barnard (Admitted *Pro Hac Vice*)
Jessica Mannon (Admitted *Pro Hac Vice*)
2300 N. Field Street, Suite 1800
Dallas, TX 75201
Telephone: 214.969.2800
Facsimile: 214.969.4343
sbarnard@akingump.com
jmannon@akingump.com

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Daniel Borteanu, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>Nikola Corporation; Trevor Milton; Mark A. Russell; Kim J. Brady; Britton M. Worthen; Steve Girsky; Steven Shindler; and Jeffrey Ubben,<br><br>Defendants. | No. CV-20-01797-PHX-SPL<br>No. CV-20-01819-PHX-DJR (cons.)<br>No. CV-20-02123-PHX-JJT (cons.)<br>No. CV-20-02168-PHX-DLR (cons.)<br>No. CV-20-02237-PHX-DLR (cons.)<br>No. CV-20-02374-PHX-DWL (cons.)<br><br>**DEFENDANT JEFFREY UBBEN'S RESPONSE TO LEAD PLAINTIFFS' ALTERNATIVE REQUEST FOR ENTRY OF JUDGMENT UNDER RULE 54(b)** |

Defendant Jeffrey Ubben respectfully submits this response to Plaintiffs' Motion for Reconsideration of Summary Judgment in Favor of Defendant Ubben, or in the Alternative Entry of Judgment Under Rule 54(b) (the "Motion" or "Mot.") solely regarding the alternative request for Rule 54(b) judgment.[1]

## I. INTRODUCTION

In requesting the Court enter a Rule 54(b) judgment that enables Plaintiffs to immediately appeal the Court's summary judgment order as to Ubben (the "Summary Judgment Order"), Plaintiffs ask the Court to sanction a piecemeal approach to the appellate process that courts have recognized should be allowed "sparingly" and only in "compelling" circumstances.

This is not such a case, and the Court should deny Plaintiffs' request. Permitting Plaintiffs to appeal the Ubben claims now will grind the remaining claims (which are otherwise ripe for trial) to a halt, meaning that this case—which is based on conduct from 2019 and 2020—may not be tried against Trevor Milton or the other Individual Defendants until a decade or more after the facts that underly them.

On the other side of the ledger, there is minimal justification for an early appeal. Most notably, Plaintiffs' appeal of the Summary Judgment Order may be *entirely mooted* by trial if the discrete subset of misrepresentations attributed to Ubben are found by a jury to be not misleading, making it clear that the more sensible choice is to allow the trial to proceed first. Nor do Plaintiffs identify any other prejudice to them from the Court adopting the typical process of all appeals being resolved together at the culmination of a case.

Because there are "just reasons"—indeed, *compelling* reasons—to disallow an early appeal, the Court should deny Plaintiffs' request for a Rule 54(b) judgment.

---

[1] Pursuant to L.R. 7.2(g)(2) and the Court's Order (ECF No. 383), Ubben is not providing a substantive response to Plaintiffs' request for reconsideration, though he opposes that relief. Ubben reserves the right to respond to the motion for reconsideration if so ordered by the Court pursuant to L.R. 7.2(g)(2).

## II. LEGAL STANDARD

"When the district court dismisses claims against one of a number of parties, it has discretion to direct the entry of a final judgment as to that party *only* if the court expressly determines that there is no just reason to delay." *Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009) (emphasis added) (citing Fed. R. Civ. P. 54(b)). Rule 54(b) thus "provides an exception to the general principle that a final judgment is proper only after all claims have been adjudicated." *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 629 (2d Cir. 1991). "The burden is on the party endeavoring to obtain Rule 54(b) certification to demonstrate that the case warrants certification." *First Amendment Coal. of Arizona, Inc. v. Ryan*, 2016 WL 4236373, at *1 (D. Ariz. Aug. 10, 2016) (citation omitted).

"The court's power to enter such a final judgment before the entire case is concluded should 'be exercised sparingly.'" *Kristensen v. Credit One Bank, N.A.*, 2016 WL 11757833, at *2 (C.D. Cal. Oct. 6, 2016) (quoting *Harriscom*, 947 F.2d at 629). The Supreme Court has warned that requests for early judgments under Rule 54(b) should not "be granted routinely." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 10 (1980); *see Nucor Corp. v. Emps. Ins. Co. of Wausau*, 2014 WL 11514490, at *1 (D. Ariz. July 25, 2014) (court deciding Rule 54(b) motion must recognize "the historic federal policy against piecemeal appeals") (quoting *Curtiss-Wright*, 446 U.S. at 8). Rather, a Rule 54(b) order allowing an early appeal should be granted "only in compelling circumstances," *Tessera, Inc. v. Toshiba Corp.*, 2017 WL 11002227, at *3 (N.D. Cal. Mar. 6, 2017), and requests for certification must be "scrutinized to prevent piecemeal appeals in cases which should be reviewed only as single units." *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797–98 (9th Cir. 1991) (citations omitted).

## III. ARGUMENT

Plaintiffs fail to meet their burden to demonstrate that entry of judgment "would serve the interests of judicial efficiency so as to overcome 'the historical federal policy against piecemeal appeals.'" *Am. Dawn, Inc. v. Superior Linen & Laundry Serv., LLC*, 2014 WL 12965952, at *2 (C.D. Cal. Sept. 26, 2014) (declining to certify appeal under

Rule 54(b) even when the district court's order fully resolved the case against one defendant). To the contrary, considerations of judicial economy point firmly in the other direction.

**A. An Immediate Appeal of Ubben's Claims Will Severely Delay Trial as to the Remaining Defendants.**

Plaintiffs' Motion fails to address the significant delay to this litigation that would ensue from an interlocutory appeal of the claims against Ubben. *Jewel v. Nat'l Sec. Agency*, 810 F.3d 622, 630 (9th Cir. 2015) (court must consider whether "the single issue served up for interlocutory review is more likely to cause additional delay than it is to ameliorate delay problems"). On September 15, 2026, Plaintiffs informed the Court that they are otherwise "read[y] for the Final Pretrial Conference," but requested that, if they were to receive Rule 54(b) certification, such conference not be set until "after the final resolution of [their] appeal." ECF No. 379. Indeed, in order for the interlocutory appeal against Ubben to achieve the value Plaintiffs assign it, the remaining claims in this case would need to be stayed while that appeal plays out. The fact that the "immediate appeal of an adjudicated claim might unduly impede the progress of the trial of the remaining claims" requires that the Court deny the Motion. *See Roberts v. Elaine Powers Figure Salons, Inc.*, 1981 WL 2061, at *2 (E.D. Cal. Mar. 31, 1981) (citations omitted).

This case in particular cannot tolerate such a delay. Ubben was brought into this action in 2023, but this case is entering its *seventh year* as against Trevor Milton and the other defendants. In the time that this securities class action has been pending, Milton was indicted, tried, convicted, and pardoned of his securities fraud charges, and Nikola has filed for and substantially proceeded through bankruptcy. With fact and expert discovery complete, the case should go to trial against the remaining Defendants now, with Plaintiffs retaining their right to appeal Ubben's summary judgment (if necessary) after a final judgment. Pushing the pause button on the trial against Milton and the other Defendants while the Ninth Circuit considers claims against a single outside director who signed two SEC filings at issue in this case would risk that this case could reach a decade old before

Milton faces a civil jury. This risk is particularly acute because, even if the Ninth Circuit were to reverse the Summary Judgment Order's holding that the claims against Ubben are time-barred, this Court would then need to consider Ubben's summary judgment motion on the merits, an issue the Court did not reach. Were the Court to grant Ubben's motion on the merits, Plaintiff would presumably seek interlocutory appeal of *that* order for the same reasons, causing even more delay.

Further delaying the trial against the remaining defendants is not in the interests of justice. The facts on which the remaining claims are based occurred nearly a decade ago, and witnesses cannot be expected to testify fully and competently as memories continue to fade. Indeed, even a year ago during discovery, witnesses were already noting that they were straining to remember what happened in 2019 and 2020.[2] Forcing the parties to wait an additional one or two years for the resolution of the Ubben appeal (or appeals) will only further erode the quality of trial testimony. *See Edward/Ellis v. New United Motors Mfg. Inc.*, 2008 WL 4712602, at *1 (N.D. Cal. Oct. 22, 2008) (noting "the risk of witnesses' memories fading or witnesses becoming unavailable" as reason to deny stay).

**B. There is Not Otherwise Good Cause to Permit Plaintiffs an Interlocutory Appeal as to Ubben.**

Even putting aside the significant delay to the remaining claims that would accompany an immediate appeal, nothing in Plaintiffs' Motion suggests that there is good cause to deviate from the traditional rule that appeals happen at the end of a case.

<u>First</u>, Plaintiffs make much of the fact that Ubben's statute of limitations defense is "unique and severable" from the claims against the remaining defendants. Mot. at 14. But "not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." *Equity Income*

[2] *See* Declaration of Joshua A. Rubin, Ex. A (Babiarz Dep.) at 11:10-12 (warning that he may not be able to give full testimony "because it was four-plus years ago, if not six years ago"); *id*. Ex. B (Russell Dep.) at 20:13-17 (noting that documents "were from events that were several years ago and my memory has faded"); *id*. Ex. C (Milton Dep.) at 100:7-11 (unable to answer question because "[i]t's just been a long time"); *id*. Ex. D (Fretheim Dep.) at 187:7-12 ("Now I can't even remember who it was").

*Partners LP v. Chicago Title Ins. Co.*, 2014 WL 12745025, at *1 (D. Ariz. Jan. 29, 2014) (quoting *Curtiss-Wright*, 446 U.S. at 8).

More fundamentally, what matters is not whether Ubben's *defenses* are unique but "whether the *claims under review* are separable from the others remaining to be adjudicated." *Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 576 (9th Cir. 2018) (quoting *Curtiss-Wright*, 446 U.S. at 8) (emphasis added). Here, the claims against Ubben that were dismissed in the Summary Judgment Order are largely coextensive with those against the remaining defendants. The Second Amended Class Action Complaint repeatedly lumps Ubben together with the other Defendants, alleging without any disaggregation that "*Defendants* [m]isled [i]nvestors" through public misrepresentations in violation of the Exchange Act Rule 10b-5(b) and Section 20(a)). *See, e.g.*, SAC pp. 38, 65, 80 (emphasis added); *see Foreman v. Bank of Am., N.A.*, 2019 WL 8137145, at *3 (N.D. Cal. Dec. 3, 2019) (denying request for Rule 54(b) judgment where complaint "contain[ed] a single set of 'Factual Allegations' that applie[d] to all the claims"). And the specific claims against Ubben disposed of by the Court in the Summary Judgment Order are premised on alleged misrepresentations in two SEC Forms S-1 that Ubben signed along with the other Defendants. The fact that "the underlying theory of [liability] applies equally to" Ubben and the remaining Defendants counsels against Rule 54(b) certification. *Ferring B.V. v. Actavis, Inc.*, 2014 WL 5419055, at *4 (D. Nev. Oct. 23, 2014).[3]

---

[3] None of Plaintiffs' cited cases compels a different result. Plaintiffs rely on *Noel v. Hall*, 568 F.3d 743 (9th Cir. 2009). *See* Mot. at 15. But in that case the Ninth Circuit was considering an unopposed Rule 54(b) motion. *See* Appellee's Answering Brief at 8, *Noel v. Hall*, No. 06-35730, 2007 WL 2085660 (9th Cir. May 14, 2007). The court therefore spent little time discussing the merits of the Rule 54(b) judgment other than observing that resolving the Wire Tap claims at issue in the appeal would "streamline the ensuing litigation" and put the case "on the path to ending [its] journey through the federal courts." *Noel*, 568 F.3d at 747; *see also Pakootas*, 905 F.3d at 576 (trial court had discretion to issue Rule 54(b) judgment where doing so "would help ensure that a responsible party promptly pays for the contamination of the Upper Columbia River"). In stark contrast, piecemeal resolution of Ubben's claims through an instant appeal would protract, not expedite, the remaining litigation.

Second, contrary to Plaintiffs' assertion, certification could absolutely "result in unnecessary appellate review" because the appeal of Ubben's claims could be mooted through further proceedings. *Yellowstone Poky, LLC v. First Pocatello Assocs., L.P.*, 2019 WL 13240983, at *1 (D. Idaho Jan. 11, 2019), *aff'd*, 804 F. App'x 636 (9th Cir. 2020); *contra* Mot. at 16. Specifically, were a jury to conclude that the statements contained in the June and July 2020 Forms S-1 were not false or misleading, the claims against Ubben would be foreclosed because both the Section 10(b) and 20(a) claims require a predicate false or misleading statement, and because the Forms S-1 contain the entirety of the alleged misrepresentations attributed to Ubben. *See* ECF 343 at 10-13.

Plaintiffs' argument otherwise relies on the erroneous assumption that Ubben may be liable under Section 20(a) for *Milton's* statements outside of SEC filings that he made "speaking in his capacity as Nikola's Executive Chairman." Mot. at 16. But the Court already rejected Plaintiffs' efforts to hold Ubben liable for statements made by Milton when it dismissed the scheme claims against him under Rule 10b-5(a) and (c). ECF 157 at 31 (declining to find Ubben liable for "enabl[ing] Defendant Milton to make false and deceptive statements about Nikola"). While the Section 20(a) control person claim against Ubben survived the pleading stage, the Court made clear that those claims were limited to statements made "in SEC filings by Nikola." ECF 157 at 40. If Plaintiffs were to fail to convince a jury that those specific statements in SEC filings were materially false, the appeal of the claims against Ubben—both Section 10(b) and 20(a)—would be mooted.

Third, Plaintiffs have not made "the required showing that a Rule 54(b) order is necessary to avoid a harsh and unjust result." *Foreman*, 2019 WL 8137145, at *4 (citation omitted) (denying Rule 54(b) motion). The Motion offers no reason why "adherence to the normal timetable for appellate review" would cause Plaintiffs "any hardship or injustice." *See Harriscom*, 947 F.2d at 630. While denial of certification would force Plaintiffs to proceed to trial against the remaining defendants, "that is true of every possible

54(b) motion, and so it is not the standard under any reading of the Rule." *Wehner v. Genentech, Inc.*, 2022 WL 179683, at *4 (N.D. Cal. Jan. 20, 2022).[4]

Fourth, Plaintiffs argue that an appeal of Ubben's claims "will involve a novel question" because "[t]his Court is the first to ever apply *York* in the summary judgment context. Mot. at 14 (citing *York Cnty. on Behalf of Cnty. of York Ret. Fund v. HP, Inc.*, 65 F.4th 459 (9th Cir. 2023)). Plaintiffs cite no authority for the proposition that the novelty of a legal question is a factor in the Rule 54(b) analysis. Even if it were, the appeal is hardly novel, as courts have routinely considered statute of limitations arguments in securities class actions at the summary judgment stage, both before and after *York*. *See, e.g., Betz v. Trainer Wortham & Co.*, 610 F.3d 1169, 1171 (9th Cir. 2010); *CrossFirst Bank v. Vieste SPE LLC*, 2024 WL 4769769, at *2 (D. Ariz. Nov. 13, 2024), *aff'd*, 2025 WL 3633294 (9th Cir. Dec. 15, 2025); *Zowine v. Prussin*, 2016 WL 558550, at *4 (D. Ariz. Feb. 12, 2016).

## IV. CONCLUSION

Ubben respectfully requests the Court deny Plaintiffs' request that the Court enter judgment under Rule 54(b).

---

[4] Plaintiffs suggest that the remaining Defendants "will likely try [Ubben] in absentia" to attempt to benefit from the proportional liability offset in 15 U.S.C. § 78u-4(f). Mot. at 3. But if the other Defendants wished to take this tack, they could do so *regardless* of whether Ubben were a live defendant or not, so this factor does not point in favor of delaying trial to allow an appeal. *See* 15 U.S.C. § 78u-4(f)(3)(A) (allowing any party to request that a jury make special findings "with respect to each covered person *and each of the other persons* claimed by any of the parties to have caused or contributed to the loss incurred by the plaintiff") (emphasis added).

Dated: October 7, 2026

Respectfully submitted,

SNELL & WILMER L.L.P.

By: *s/ Jennifer Hadley Catero*

Jennifer Hadley Catero
Patrick A. Tighe
One East Washington Street, Suite 2700
Phoenix, AZ 85004

and

AKIN GUMP STRAUSS HAUER & FELD LLP
Joshua A. Rubin (Admitted *Pro Hac Vice*)
1999 Avenue of the Stars, Suite 600
Los Angeles, CA 90067-6022

M. Scott Barnard (Admitted *Pro Hac Vice*)
Jessica Mannon (Admitted *Pro Hac Vice*)
Tabitha Kempf (Admitted *Pro Hac Vice*)
2300 N. Field Street, Suite 1800
Dallas, TX 75201

*Attorneys for Defendant Jeffrey Ubben*